1  Steve Miskinis
2  Ragu-Jara Gregg
   U.S. Department of Justice
3  ENRD/Indian Resources Section
   P.O. Box 7611
4  Ben Franklin Station
5  Washington, D.C. 20044-7611
   Telephone: (202) 305-0262
6  Email: steven.miskinis@usdoj.gov
7  *Attorneys for Defendants Kevin Washburn and Sally Jewell*

8
   MARK BRNOVICH
9  ATTORNEY GENERAL
   Firm Bar No. 14000
10 John S. Johnson (016575)
11 Division Chief Counsel
   1275 West Washington Street
12 Phoenix, Arizona 85007
13 Telephone: (602) 542-9948
   e-mail:  John.Johnson@azag.gov
14 *Attorney for Defendant Gregory A. McKay*

15
   Clint Bolick (021684)
16 Aditya Dynar (031583)
17 Courtney Van Cott (031507)
   Scharf-Norton Center for Constitutional Litigation at the
18 Goldwater Institute
   500 East Coronado Road
19 Phoenix, Arizona 85004
20 (602) 462-5000
   e-mail:  litigation@goldwaterinstitute.org
21
22 Michael W. Kirk *(admitted pro hac vice)*
   Brian W. Barnes *(admitted pro hac vice)*
23 Harold S. Reeves *(admitted pro hac vice)*
24 Cooper & Kirk, PLLC
   1523 New Hampshire Avenue, N.W.
25 Washington, D. C. 20036
26 (202) 220-9600
   (202) 220-9601 (fax)
27 *Attorneys for Plaintiffs*

28

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by CAROL COGHLAN CARTER, their next friend;<br>S.H. and J.H., a married couple;<br>M.C. and K.C., a married couple;<br>for themselves and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN WASHBURN, in his official capacity as Assistant Secretary of BUREAU OF INDIAN AFFAIRS; SALLY JEWELL, in her official capacity as Secretary of Interior, U.S. DEPARTMENT OF THE INTERIOR;<br>GREGORY A. McKAY, in his official capacity as Director of the ARIZONA DEPARTMART OF CHILD SAFETY,<br><br>Defendants. | No. 2:15-CV-01259- PHX-NVW<br><br>**STIPULATION FOR STAY OF DEFENDANTS' DEADLINE TO FILE ANSWER OR RESPONSIVE MOTION (Second Request) AND STAY OF DEADLINE TO RESPOND TO MOTION FOR CLASS CERTIFICATION (First Request) AND JOINT MOTION FOR STATUS CONFERENCE**<br><br>(Assigned to The Honorable Neil V. Wake) |

Pursuant to Rule 7(b)(1), Federal Rules of Civil Procedure, State Defendant Gregory A. McKay, Federal Defendants Kevin Washburn and Sally Jewell, and Plaintiffs move for a status conference to address scheduling disagreements and stipulate to stay Defendants' pending deadlines to (1) answer or file a responsive pleading to Plaintiffs' Complaint, which deadline is currently September 8, 2015; and (2) to stay Defendants' respective deadlines to respond to Plaintiffs' Motion for Class

Certification. Such stay will remain in effect until this Court resolves scheduling disagreements. Good cause supports this stipulation and motion as follows:

Plaintiffs' filed a Complaint against Defendants on July 6, 2015. ECF No. 1. That Complaint challenges the constitutionality of the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq.*, on multiple grounds. *Id.* In addition to challenging this thirty-seven year old statute, it seeks review under the Administrative Procedure Act of the Bureau of Indian Affairs' Guidelines for State Courts and Agencies in Indian Child Custody Proceedings, 80 Fed. Reg. 10,146 (Feb. 25, 2015). *Id.* Finally, it seeks certification of a class of plaintiffs encompassing all "off-reservation Arizona children with Indian ancestry" and "off-reservation non-Indian Arizona-resident foster, preadoptive, and prospective adoptive parents in child custody proceedings" involving Indian children. *Id.* at ¶ 30.

Defendants currently are obliged to file an answer or responsive pleading to Plaintiffs' complaint on September 8, 2015.[1] On August 21, 2015, before an Answer or other responsive pleading was due, Plaintiffs filed a Motion for Class Certification (ECF No. 22) to which the Federal Defendants' response is due September 8, and State Defendant's response is due September 17.[2]

---

[1] Defendant McKay's deadline to answer or otherwise respond was originally July 31, 2015, but this Court so-ordered a stipulation extending that deadline to coincide with Federal Defendants' deadline of September 8, 2015. ECF No. 21. The Federal Defendants have not previously requested any extensions of any deadlines in this case, their obligation to Answer having been originally September 8, 2015.

[2] Under the LRCiv 7.2(b), Defendants have fourteen days to respond, but the Federal Defendants could not be electronically served because they have not yet appeared and

3

On September 2, 2015, counsel for all parties conferred by phone at Defendants' request, and Defendants proposed an orderly briefing schedule for filing motions to dismiss all claims in Plaintiffs' Complaint.  The proposed schedule involved:

1.  Filing of Defendants' opening briefs on October 16, 2015;

2.  Filing Plaintiffs' response briefs on November 13, 2015; and

3.  Filing Defendants' reply briefs on December 4, 2015.

Defendants further proposed that their deadline to respond to the class certification motion be stayed until their motions to dismiss are resolved.  That is because Defendants expect all claims in this case to be dismissed (thereby eliminating the need for addressing class certification) or to be reduced in number (thereby impacting the scope of class certification).  Further, the class certification motion is premature because discovery is needed.  Without such discovery, Defendants cannot ascertain whether the proposed class comports with the requirements of Fed. R. Civ. P. 23, including determining the appropriateness of the proposed class representatives and class counsel.  Therefore, Defendants proposed that the deadline for responding to Plaintiffs' motion for class certification be stayed pending resolution of Defendants' motions to dismiss.

---

Defendant McKay required service by mail as well because the motion was supported by declarations subject to a pending motion by Plaintiffs' to seal and thus not available on the ECF System.  Thus, adding three days for service by mail, Fed. R. Civ. P. 6(d), combined with the fact that September 7 is a federal holiday, the deadline for the Federal Defendants falls on September 8.  The declarations supporting Plaintiffs' Motion for Class Certification (ECF No. 22), which were lodged under seal, were ultimately served by hand on State Defendant McKay on September 3. Therefore, under LRCiv 7.2(b), State Defendant's response is due September 17.

4

Plaintiffs did not offer a counter-proposal but indicated that the parties should approach the Court to resolve scheduling issues. Plaintiffs further provide:

> Plaintiffs oppose the proposed schedule in light of the previously stipulated extension of time for responsive pleadings and because the need for relief in this case is urgent both for the individual plaintiffs and the proposed class members. They will request that the Court set prompt deadlines for responsive pleadings, dispositive motions, and discovery.

Plaintiffs agreed to stipulate to a stay of Defendants' pending response deadlines until the scheduling issues could be resolved by the Court at the requested status conference. Undersigned counsel avows that the parties have entered into this stipulation in good faith and not for purposes of delay and that the stipulated stay best serves the administration of justice in this case.

Accordingly, having been unable to secure Plaintiffs' consent to Defendants' proposed schedule, Defendants, in accord with Plaintiffs' wishes, hereby respectfully request that the Court:

1. Approve the stipulation to stay Defendants' September 8 deadline to respond to Plaintiffs' complaint until this Court can establish a suitable schedule for briefing motions to dismiss at a status conference;

2. Approve the stipulation to stay Defendants' respective deadlines to respond to Plaintiffs' Motion for Class Certification until this Court can establish a suitable schedule for briefing motions to dismiss at a status conference;

3. Hold a status conference, allowing parties to participate telephonically if necessary, at the court's earliest convenience.

Counsel for all parties have reviewed the proposed form of order attached to this stipulation, and each approves its form and content.

A proposed form of order is attached.

RESPECTFULLY SUBMITTED this 3rd day of September, 2015.

                                                                s/_____
                                                                Steve Miskinis
Ragu-Jara Gregg
U.S. Department of Justice
ENRD/Indian Resources Section/
Law and Policy Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 305-0262
Email: steven.miskinis@usdoj.gov
*Attorneys for Federal Defendants*

s/_____
MARK BRNOVICH
ATTORNEY GENERAL
Firm Bar No. 14000
John S. Johnson (016575)
Division Chief Counsel
1275 West Washington Street
Phoenix, Arizona 85007
Telephone: (602) 542-9948
e-mail:  John.Johnson@azag.gov
*Attorney for Defendant Gregory A. McKay*

s/_____
Clint Bolick (021684)
Aditya Dynar (031583)
Courtney Van Cott (031507)
Scharf-Norton Center for Constitutional Litigation at the Goldwater Institute
500 East Coronado Road

6

1. Phoenix, Arizona 85004
2. (602) 462-5000
   e-mail:  litigation@goldwaterinstitute.org
3. 
4. Michael W. Kirk *(admitted pro hac vice)*
   Brian W. Barnes *(admitted pro hac vice)*
5. Harold S. Reeves *(admitted pro hac vice)*
   Cooper & Kirk, PLLC
6. 1523 New Hampshire Avenue, N.W.
7. Washington, D. C. 20036
   (202) 220-9600
8. (202) 220-9601 (fax)
   *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

MARK BRNOVICH
ATTORNEY GENERAL
Firm Bar No. 14000
John S. Johnson (016575)
Division Chief Counsel
1275 West Washington Street
Phoenix, Arizona 85007
Telephone: (602) 542-9948
e-mail: John.Johnson@azag.gov
*Attorney for Defendant Gregory A. McKay*

Clint Bolick (021684)
Aditya Dynar (031583)
Courtney Van Cott (031507)
Scharf-Norton Center for Constitutional Litigation at the Goldwater Institute
500 East Coronado Road
Phoenix, Arizona 85004
(602) 462-5000
e-mail: litigation@goldwaterinstitute.org

Michael W. Kirk *(admitted pro hac vice)*
Brian W. Barnes *(admitted pro hac vice)*
Harold S. Reeves *(admitted pro hac vice)*
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Attorneys for Plaintiffs*

|   |   |
|---|---|
| 1 |  |
| 2 | s/_____ |
|   | Steve Miskinis |
| 3 | U.S. Department of Justice |
|   | ENRD/Indian Resources Section/ |
| 4 | P.O. Box 7611 |
|   | Ben Franklin Station |
| 5 | Washington, D.C. 20044-7611 |
|   | Telephone: (202) 305-0262 |
| 6 | Email: steven.miskinis@usdoj.gov |
| 7 | *Attorneys for Federal Defendants* |

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by CAROL COGHLAN CARTER, their next friend; S.H. and J.H., a married couple; M.C. and K.C., a married couple; for themselves and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN WASHBURN, in his official capacity as Assistant Secretary of BUREAU OF INDIAN AFFAIRS; SALLY JEWELL, in her official capacity as Secretary of Interior, U.S. DEPARTMENT OF THE INTERIOR; GREGORY A. McKAY, in his official capacity as Director of the ARIZONA DEPARTMART OF CHILD SAFETY,<br><br>Defendants. | No. 2:15-CV-01259- PHX-NVW<br><br>**ORDER** |

The Court having considered the parties' stipulation to stay deadlines and motion for status conference, and good cause appearing,

**IT IS ORDERED** the stipulation is **APPROVED.**

**IT IS FURTHER ORDERED** the deadline for Defendants to answer or otherwise respond to the complaint is stayed until this Court at a status conference establishes a suitable deadline; and

**IT IS FURTHER ORDERED** the deadline for Defendants to respond to Plaintiffs' motion for class certification is stayed until this Court at a status conference establishes a suitable deadline; and

**IT IS FURTHER ORDERED** that the parties shall appear before this Court for a status conference to be set at a time convenient to the Court.