Linus Everling (SBN 019760)
Thomas L. Murphy (SBN 022953)
Gila River Indian Community
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85147
(520) 562-9760
linus.everling@gric.nsn.us
thomas.murphy@gric.nsn.us

Donald R. Pongrace (pro hac vice
application pending) (D.C. Bar No. 445944)
Merrill C. Godfrey (pro hac vice
application pending) (D.C. Bar No. 464758)
Akin Gump Strauss Hauer &
Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
(202) 887-4000
dpongrace@akingump.com
mgodfrey@akingump.com
*Counsel for Gila River Indian Community*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| A.D. and C. by CAROL COGHLAN CARTER, their next friend, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>KEVIN WASHBURN, in his official capacity as Assistant Secretary – Indian Affairs, et al.,<br><br>     Defendants. | Case No. 2:15-cv-1259<br><br>**MOTION OF THE GILA RIVER INDIAN COMMUNITY TO INTERVENE AS DEFENDANT** |

The Gila River Indian Community (the "Community") moves pursuant to Fed. R. Civ. P. 24 to intervene as a defendant. Lodged with this motion is a proposed Motion to Dismiss. *See* Fed. R. Civ. P. 24(c).

The parties have stated their positions on this motion through counsel as follows: defendants Kevin Washburn and Sally Jewell consent; defendant Gregory McKay takes no position; the plaintiffs oppose.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Community moves to intervene as of right, because pursuant to the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq.*, the Community "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede [the Community's] ability to protect its interest[s]," and no parties adequately represent the Community's interests. Fed. R. Civ. P. 24(a)(2). Alternatively, the Community moves for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) because it "has a . . . defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

**I.  THE COMMUNITY MEETS THE STANDARD TO INTERVENE AS OF RIGHT UNDER RULE 24(a)(2)**

Under Rule 24(a)(2), "the court must permit anyone to intervene" where four requirements are met: (1) the motion to intervene is timely; (2) the movant "claims an interest relating to the property or transaction that is the subject of the action"; (3) disposition "of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) existing parties do not adequately represent the interest claimed by the movant. Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and we are guided primarily by practical considerations." *McGough*, 967 F.2d at 1394 (citation omitted).

**A.  The Motion is Timely**

Timeliness is evaluated by "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* Under this standard, the Community's motion is timely. First, it was filed

2

at the initial stage of the proceeding, only two months after the plaintiffs filed the action, and at the time set for a responsive pleading.  Second, there is no prejudice to any party because the Community is complying with the existing case deadlines by lodging a proposed motion to dismiss with this motion to intervene.  *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (intervention allowed even on appeal, for purpose of filing a petition for rehearing, where timing would not have been changed by an earlier intervention).  Third, the two-month delay in filing is a reasonable amount of time for the Community to become aware of the action, identify and retain counsel, evaluate its interests in the action, and prepare a motion to intervene and proposed motion to dismiss.  Further, the existing defendants have been granted this same amount of time to respond to the complaint, and thus for the Community to take that same interval to prepare its own proposed motion to dismiss is reasonable.

### B. The Community Claims an Interest in the Outcome of One of the Two Child Custody Proceedings that Are the Subject of this Action

The interest requirement of Rule 24(a)(2) is satisfied when the movant claims a "significant protectable" interest, "meaning that (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1149 (9th Cir. 2010) (citations omitted).

First, the Community claims an interest in the outcome of A.D.'s child custody proceedings.  The Community is a party to the proceedings in state court that the plaintiffs here seek to enjoin.  This interest is expressly protected by, among other things, the federal law at issue here, ICWA.  ICWA defines "Indian child's tribe," in relevant part, as "the Indian tribe in which an Indian child is a member or eligible for membership." 25 U.S.C. § 1903(5)(a).  It is undisputed that baby girl A.D. "is eligible for membership in, or is already an enrolled member of, the Gila River Indian

3

Community."[1] Compl. (Doc. 1) ¶ 9.  It is therefore undisputed that under ICWA, A.D.'s tribe is the Community.  Moreover, in passing ICWA, "Congress was concerned not solely about the interests of Indian children and families, but also about the impact on the tribes themselves of the large numbers of Indian children adopted by non-Indians.  The numerous prerogatives accorded the tribes through the ICWA's substantive provisions must, accordingly, be seen as a means of protecting not only the interests of individual Indian children and families, but also of the tribes themselves." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 49 (1989) (citations omitted).  These provisions to protect the interests of tribes include, for example, the right for a tribe to intervene and seek transfer to tribal court.  *See* 25 U.S.C. § 1911(b), (c).  More generally, ICWA favors the child-tribe relationship that the Community seeks to preserve here by ensuring that child custody proceedings give sufficient weight to A.D.'s membership in the Community.

Second, the Community's interests have an obvious relationship with plaintiffs' claims, because, for example, the plaintiffs seek to have § 1911(b) declared unconstitutional, destroying the Community's federal right to seek transfer under that provision.  And again, more generally, the plaintiffs' claims would eliminate consideration of A.D.'s Community membership in the procedural and substantive decisions regarding her custody.

### C.   As a Practical Matter, Disposition of this Suit in Plaintiffs' Favor Would Prevent the Community from Protecting its Interests

Even if the Community is not a party to this suit, its interests would be harmed by the disposition of plaintiffs' claims if plaintiffs were to obtain the relief they seek.  As just noted, if plaintiffs were to prevail here, the child custody proceedings in which the Community asserts the importance of A.D.'s Community membership would be prohibited from applying the provisions of ICWA requiring that priority be given to that

---

[1] Baby A.D. is an enrolled Community member.

membership.  They would also be prohibited from allowing the Community to seek transfer to tribal court.  As a practical matter, the Community can prevent those harms to its claimed interests only by successfully intervening here and prevailing on its defenses.

### D. None of the Defendants Adequately Represent the Community's Interests as a Federally Recognized Tribe

Finally, the other defendants do not adequately represent the Community's specific interests in this suit.  The Community is a protected beneficiary of ICWA, and its statutorily recognized sovereign interest as a federally recognized tribe in preserving its relationship with baby A.D. to the fullest extent is not shared by any of the defendants.  The Court cannot adequately consider these interests of the Community without hearing from the Community.  First, it bears noting that ICWA was enacted in part to address problems that arose out of the practices of state child welfare agencies.  And although Arizona follows ICWA and the Director of the Arizona Department of Child Safety has an interest in defending the state laws implementing ICWA, he is charged with enforcing a variety of state laws relating to child welfare in a neutral manner, and has no particularized or personal interest in the placement of A.D. in manner that preserves her tribal relationship.  Defendant McKay in his official capacity as a state officer is not necessarily well-placed or incentivized to argue all the ways in which ICWA benefits the Community or to articulate the injuries to the tribal-child relationship that the Community will suffer if A.D.'s custody proceedings do not adequately consider her Community membership.

Second, while the federal officers who are defendants here also have an interest in defending ICWA, they too are not well-placed to fully argue the tribal perspective and have no particularized interest in a relationship with A.D.  The Community is a protected beneficiary of ICWA whose relationship with A.D. is at the core of this case.  By contrast, the federal officers are obligated rather than benefited by ICWA.  They would lose nothing personally if Plaintiffs were to prevail, while the Community would lose the ability to protect vital ties to A.D. and other Community children like her.

In sum, the Community's interests in its relationship with baby girl A.D., in her custody determination, and in the constitutionality of its rights under ICWA are "similar to, but not identical with" the other defendants' interests here.  7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909 (3d ed. 1998).  Accordingly, intervention under Rule 24(a)(2) must be granted, because it is not "clear that the [defendants] will provide adequate representation for" the Community's distinct tribal interests.  *Id.*; *see also California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006).  Under a broad construction of Rule 24(a)(2), the Community is entitled to intervene as of right.

### III. IN THE ALTERNATIVE, THE COMMUNITY ALSO QUALIFIES FOR AND SHOULD BE GRANTED PERMISSIVE INTERVENTION UNDER RULE 24(b)(1)(B)

Alternatively, the Community moves pursuant to Rule 24(b)(1)(B) for permissive intervention.  For the reasons previously stated, this request is timely.  And the Community "assert[s] a . . . defense in common with the main action."  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).  The Community asserts that ICWA is constitutional and that the complaint should be dismissed for failure to state a claim and for lack of subject-matter jurisdiction, for the reasons explained in the proposed motion to dismiss attached to this motion.  These defenses are common to the main action.

As previously described, the Community has a direct interest in ICWA's constitutionality, as well as in baby girl A.D.'s placement and that placement's effect on the Community's social fabric.  The Community's perspective will be valuable to the Court's consideration of issues that will have profound implications for all federally recognized tribes.  It would be an abuse of discretion to decide these issues without allowing the Community to be heard on them.

### CONCLUSION

Pursuant to Rule 24(a)(2), the Community has a right to intervene in this suit

involving the ultimate home placement for baby girl A.D. Alternatively, the Court should permit the Community to intervene under Rule 24(b)(1)(B).

Respectfully submitted,

Linus Everling (#019760)
Thomas L. Murphy (#022953)
GILA RIVER INDIAN COMMUNITY
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85147
(520) 562-9760
Linus.Everling@gric.nsn.us
Thomas.Murphy@gric.nsn.us

Donald R. Pongrace (pro hac vice application pending)

*/s/ Merrill C. Godfrey*
Merrill C. Godfrey (pro hac vice application pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
(202) 887-4000
dpongrace@akingump.com
mgodfrey@akingump.com

*Attorneys for Plaintiff Gila River Indian Community*[2]

---

[2] A separate team of lawyers at Akin Gump Strauss Hauer & Feld LLP represents the Casey Family Programs, which will be seeking leave to appear as amicus curiae in support of Defendants. Neither set of counsel has authored or will author the other set's briefing in whole or in part. The Gila River Indian Community has not provided and will not provide any financial support for the Casey Family Programs' participation in this matter, and the Casey Family Programs have not provided and will not provide any financial support for the Gila River Indian Community's participation in this matter.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM-ECF System for filing and transmittal of a Notice of Electronic Filing to the CM-ECF registrants on record, including:

Clint Bolick (021684)
Aditya Dynar (031583)
Scharf-Norton Center for
Constitutional Litigation at the
Goldwater Institute
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

Michael W. Kirk
Brian W. Barnes
Harold S. Reeves
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Attorneys for Plaintiffs*

Steven Edward Miskinis
US Dept of Justice
Land & Natural Resources Division
PO Box 44378
Indian Resources Section
Washington, DC 20026
202-305-0262
202-305-0271 (fax)
steven.miskinis@usdoj.gov
*Attorneys for Defendants Washburn and Jewell*

John Stephen Johnson
Office of the Attorney General - Phoenix
1275 W Washington St.
Phoenix, AZ 85007-2997
602-542-9948
john.johnson@azag.gov
*Attorneys for Defendant McKay*

                                                        */s/ Merrill C. Godfrey*