1

2

3

4

5

**Scharf-Norton Center for Constitutional Litigation at the
GOLDWATER INSTITUTE**
Clint Bolick (021684)
Aditya Dynar (031583)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

6

7

8

9

10

11

12

**COOPER & KIRK, PLLC**
Michael W. Kirk (admitted *pro hac vice*)
Brian W. Barnes (admitted *pro hac vice*)
Harold S. Reeves (admitted *pro hac vice*)
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Attorneys for Plaintiffs*

13

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

15

16

17

18

19

20

21

22

23

24

25

26

27

A.D. and C. by CAROL COGHLAN
CARTER, their next friend;
S.H. and J.H., a married couple;
M.C. and K.C., a married couple;
for themselves and on behalf of a class of
similarly-situated individuals,
                    Plaintiffs,

            vs.

KEVIN WASHBURN, in his official
capacity as Assistant Secretary of BUREAU
OF INDIAN AFFAIRS;
SALLY JEWELL, in her official capacity as
Secretary of Interior, U.S. DEPARTMENT
OF THE INTERIOR;
GREGORY A. McKAY, in his official
capacity as Director of ARIZONA
DEPARTMENT OF CHILD SAFETY,
                    Defendants.

No.  CV-15-1259-PHX-NVW


**PLAINTIFFS' OPPOSITION TO
GILA RIVER INDIAN
COMMUNITY'S MOTION TO
INTERVENE**

28

**Introduction**

1

2          Federal Rule of Civil Procedure 24(a)(2) allows an outsider to intervene as of right

3    in ongoing litigation only if the motion to intervene is timely filed and only if the "existing

4    parties" do not "adequately represent [its] interest." The Gila River Indian Community

5    ("Gila River") is seeking to intervene in a suit where its interests are more than adequately

6    represented. There are already multiple *amicus curiae* briefs before the Court, which

7    present the Court with the perspectives of tribal and other interest groups. More

8    importantly, the Arizonan and federal government agencies that are defendants in this

9    matter have filed separate motions to dismiss, to which Plaintiffs response is due in less

10   than two weeks, that raise a full spectrum of jurisdictional and merits arguments. These

11   government agencies more than adequately represent the interests of Gila River in this

12   lawsuit.

13         The Ninth Circuit has made clear that, "[w]hen an applicant for intervention and

14   an existing party have the same ultimate objective, a presumption of adequacy of

15   representation arises," and "a compelling showing should be required to demonstrate

16   inadequate representation." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003);

17   *see also Wildearth Guardians v. Jewel*, 2014 WL 7411857, at *2 (D. Ariz. Dec. 31, 2014)

18   (presumption of adequacy that applies where proposed intervenors share same "ultimate

19   objective," can be rebutted only by "a very compelling showing to the contrary"). "In the

20   absence of a very compelling showing to the contrary," moreover, "it will be presumed

21   that a state adequately represents its citizens when the applicant shares the same interest."

22   *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006). The presumption of adequacy "is

23   nowhere more applicable than in a case where the Department of Justice deploys its

24   formidable resources to defend the constitutionality of a congressional enactment."

25   *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006).

26         The strong presumption that the government will adequately represent the interests

27   of a proposed intervenor that is benefitted by a challenged federal statute applies with full

28   force here. The questions raised by this litigation are primarily legal. The state and federal

officials and agencies who are defendants in this case are represented by the Arizona Attorney General and by the United States Department of Justice, attorneys who are fully committed to defending federal law and fully capable of doing so effectively. Gila River has failed to make the "very compelling showing" that the defendants will not adequately defend the Indian Child Welfare Act ("ICWA") and, by so doing, adequately represent the interests of Gila River in seeing the ICWA preserved. Accordingly, the tribe's motion to intervene as of right must be denied. Because intervention would prejudice the existing parties' interests with no appreciable benefit, permissive intervention should also be denied.

## Argument

Federal Rule of Civil Procedure 24, as relevant here, provides two paths through which a third party can intervene in a case that implicates its interests. First,

> an applicant for intervention as of right must demonstrate that: (1) the intervention application is timely; (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest."

*Prete*, 438 F.3d at 954 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). "[T]he party seeking to intervene bears the burden of showing [that these] four elements are met." *Prete*, 438 F.3d at 954. Unless the applicant satisfies all four criteria, intervention must be denied. *Yniguez v. Arizona*, 939 F.2d 727, 731 (9th Cir. 1991).

Second, Rule 24(b)(1)(B) allows "permissive intervention" by a party who "has a claim or defense that shares with the main action a common question of law or fact." But "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising that discretion, Rule 24(b) expressly provides that the Court

should take into account "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Gila River seeks both intervention as of right and permissive intervention. As set forth fully below, binding Ninth Circuit case law squarely dictates that Gila River has no right to intervene, while principles of adjudicatory efficiency and fairness counsel this Court to exercise its discretion to deny permissive intervention.

**I.    Gila River Has No Right To Intervene Because State and Federal Defendants Fully and Adequately Represent Any Interest that The Tribe May Possess in this Litigation.**

Plaintiffs respectfully submit that Gila River's motion to intervene as of right must be denied because Gila River has failed to make the requisite "very compelling showing" that the defendants will not fully and adequately represent its interests in defending the constitutionality of a federal law. The law is clear that any party seeking to establish that a government agency will not adequately represent its interests in defending the constitutionality of a federal law bears a particularly heavy burden; in this case, the proposed intervenor has made no such showing, alleging instead only that the defendants "are not well-placed to fully argue the tribal perspective and have no particularized interest in a relationship with A.D." Mot. of the Gila Riva Indian Community to Intervene as Defendant at 5 (Oct. 16, 2015), Doc. 47 ("Gila Mot."). At most, this tends to suggest only that Gila River has a passionate interest in this litigation, *not* that the defendants will not adequately represent that interest. This by no means suffices to establish a right to intervene and Gila River's motion to intervene as of right should be denied.

The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)). There is, however, a presumption "of adequacy when the government is acting

on behalf of a constituency that it represents." *Arakaki*, 324 F.3d at 1086 (citing *United States v. City of Los Angeles*, 288 F.3d 391, 401 (9th Cir. 2002)). "In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (quoting 7C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1909, (3d ed.)). "Arguably, this principle is nowhere more applicable than in a case where," as here, "the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment." *Lockyer*, 450 F.3d at 444.

1. *Gila River has not made the "very compelling showing" that is required to establish that the defendants will not adequately represent Gila River's interests.* Gila River has offered no reason whatsoever to suspect that the Defendants will not adequately represent its interests and will not advocate vigorously in support of the constitutionality of the ICWA. This would be a fatal defect in any motion to intervene. It is doubly fatal here, where the Defendants are state and federal government agencies. For, as the Ninth Circuit has found, a government defendant will adequately represent the interests of potential intervenors when it is defending the constitutionality of a statutory scheme, even one that specifically and exclusively benefits the party seeking to intervene. *Arakaki*, 324 F.3d at 1086-88. This accords with the conclusion of "every circuit to rule on the matter." *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013) ("And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge. In such cases, the government is simply the most natural party to shoulder the responsibility of defending the fruits of the democratic process."). *Accord United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 985 (2d Cir. 1984) (Friendly, J.) (requiring "a strong affirmative showing that the sovereign is not fairly representing the interests of the applicant"); *United States v. South Bend Cmty. Sch. Corp.*, 692 F.2d 623, 627 (7th Cir. 1982) ("Adequate representation . . . is . . . to be presumed where, as here, there has been no showing of gross negligence or bad faith.").

Indeed, even the lone case upon which Gila River relies in support of its argument that the government defendants will not adequately represent the interests of Gila River, *Lockyer*, in fact establishes that intervention is improper in this case. The court in that case explained that the presumption that the government will adequately represent the interests of potential intervenors "is nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment":

> We have observed that "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." Moreover, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." Arguably, this principle is nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.

*Lockyer*, 450 F.3d at 443–44 (alterations in original) (citations omitted).

In the case of an Indian tribe, moreover, because the courts "presume that the United States is acting on behalf of the Tribe, it is incumbent upon the Tribe to set forth specific interests that only it can protect by intervening." *South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 786 (8th Cir. 2003). Gila River has made no such showing here; it has not even argued that any of the interests it asserts will not be protected by the federal government. Gila River has therefore failed utterly to rebut the presumption that the government defendants will adequately represent its interests. To the contrary, both the Arizona Attorney General and the United States Department of Justice have made it abundantly clear that they intend to defend the constitutionality of the ICWA vigorously and in its entirety. There is no reason to doubt either their sincerity or their capacity. There can be no question, therefore, that the interests of the proposed intervenor are adequately represented in this case and that intervention is not permitted as of right.

2.     *A merely potential difference in litigation strategy would not permit intervention as of right.* Although the Court in *Lockyer* acknowledged that there can be

situations in which the federal government's efforts to defend a federal statute's constitutionality may not adequately represent the interests of a party that benefits from that statute, Gila River has not argued, and indeed could not argue, that this case falls within this narrow exception to the rule. In *Lockyer*, the Department of Justice had announced that it intended to defend only a narrow, limiting construction of the statute in order to preserve its constitutionality. It was only because this narrow alternative reading would have harmed the proposed intervenor that the court concluded that the government would not adequately represent the interests of the proposed intervenor. *Lockyer*, 450 F.3d at 444.

In this case, by contrast, both the state and federal defendants have made clear during the status conference held before the Court on September 23, 2015, and in their motions to dismiss, that they intend to defend the constitutionality of the entire ICWA regime. There is no reason to suspect that they intend to argue for a narrow construction of the statute, and even if there were, a mere suspicion that "the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation." *Lockyer*, 450 F.3d at 444. Rather, "[i]n order to make a 'very compelling showing' of the government's inadequacy, the proposed intervenor must demonstrate a *likelihood* that the government will abandon or concede a potentially meritorious reading of the statute." *Id.* (emphasis added). *See also Valley View Health Care, Inc. v. Chapman*, 2013 WL 4541602, at *8 (E.D. Cal. Aug. 27, 2013) (denying motion to intervene where "Proposed Intervenors have not presented convincing arguments that government defendants refuse to defend the validity of all of the challenged sections vigorously"). Gila River has made no such showing here, nor, Plaintiffs respectfully submit, could it to do so given the positions that the government defendants have already taken before this Court.

3.     *At most, Gila River has established only that it has a strong interest in this litigation, not that its interest will be inadequately represented.* Gila River's claim that it is a beneficiary of the ICWA regime might suffice to show that it has an interest in the

1   outcome of this litigation, but does nothing to suggest, much less to establish, that the

2   Government will not adequately represent that interest. Gila River argues that it benefits

3   from the ICWA in a way that the attorneys who are arguing on behalf of the government

4   do not; it asserts that its interests are not adequately represented because, to use the words

5   of Gila River, "the federal officers are obligated rather than benefited by ICWA," and

6   those officers "would lose nothing personally if Plaintiffs were to prevail." Gila Mot. 5.

7          Courts have consistently rejected this sort of argument, holding that "stronger,

8   more specific interests do not adverse interests make—and they surely cannot be enough

9   to establish inadequacy of representation since would-be intervenors will nearly always

10  have intense desires that are more particular than the state's (or else why seek party status

11  at all)." *Stuart*, 706 F.3d at 353 *see also NRDC v. New York State Dep't of Envtl.*

12  *Conservation*, 834 F.2d 60, 61–62 (2d Cir. 1987) ("A putative intervenor does not have

13  an interest not adequately represented by a party to a lawsuit simply because it has a

14  motive to litigate that is different from the motive of an existing party."). The Ninth Circuit

15  has likewise held that being the beneficiary of a statutory scheme does not entitle a party

16  to intervene where the government agency defending the constitutionality of that scheme

17  does not itself benefit from the scheme. This is the inescapable consequence of *Arakaki*,

18  a case in which state government agencies were presumed to adequately represent the

19  rights of individual native Hawaiians who were seeking to intervene in a suit challenging

20  the constitutionality of preferential benefits provided exclusively to native Hawaiians.

21  And this is the clear import of the Court's statement in *Lockyer* that the presumption of

22  adequacy is "nowhere more applicable than in a case where the Department of Justice

23  deploys its formidable resources to defend the constitutionality of a congressional

24  enactment." *Lockyer*, 450 F.3d at 444.

25          To accept Gila River's argument that merely having an interest that government

26  officers do not personally share is sufficient to permit intervention as of right would

27  essentially collapse the four-pronged analysis under Rule 24 into a two-pronged inquiry

28  into the timeliness of the intervention and the intensity of the interest, fly in the face of

1   settled precedent, and run directly counter to simple common sense. Caring passionately

2   about statutorily-conferred privileges and benefits simply does not suffice to confer a right

3   to intervene to aid the federal government in its efforts to defend a federal statute from

4   constitutional challenge.

5       *4.   The custody of A.D. will not be decided in this proceeding.* Plaintiffs note,

6   finally, that Gila River at times seems to misapprehend the precise question that will be

7   decided by this lawsuit. It asserts, for example, that it "will suffer if A.D.'s custody

8   proceedings do not adequately consider her Community membership." Gila Mot. 5. But

9   neither the placement nor the custody of baby girl A.D. will be decided in this proceeding;

10  this Court is called upon to answer solely the question whether the application to A.D. and

11  to all similarly situated Arizona Indian children of the ICWA regime of preferences and

12  onerous burdens is constitutional. Plaintiffs do not seek to block any state court from

13  considering the relationship that might exist between A.D. and the Gila River Community,

14  or, for that matter, between any child and any Indian tribe, or any Indian relative or

15  individual. Plaintiffs seek only to establish that the ICWA's requirement that courts

16  unduly limit, and at times utterly disregard, the best interests of Indian children when it

17  does so is patently unconstitutional.

18  **II.   Gila River's Motion for Permissive Intervention Should Be Denied.**

19      Though Gila River has failed to show that it has a right to intervene under Rule

20  24(a), the Court, on a timely motion, nevertheless "may permit [it] to intervene" if it has

21  put forward a "defense that shares with the main action a common question of law or fact."

22  Fed. R. Civ. P. 24(b)(1)(B). As an initial matter, Gila River's motion to intervene has been

23  delayed in a way that unduly prejudices the Plaintiffs. Even assuming the motion is

24  timely,[1] and further assuming that Gila River satisfied the requirement of Rule

25  ─────────────────────

26  [1] Gila River asserts that its "two-month delay in filing is a reasonable amount of time for
    Gila River to become aware of the action, identify and retain counsel, evaluate its interests
    in the action, and prepare a motion to intervene and proposed motion to dismiss." Gila

27  Mot. 3. As is clear from the statements that Gila River Governor issued to the press on

28  July 8, 2015, however, Gila River was aware of this suit and had evaluated its interests in

24(b)(1)(B), this Court "has discretion to deny permissive intervention," *Donnelly*, 159 F.3d at 412. Rule 24(b)(3) itself provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Courts in the Ninth Circuit will also consider the following additional factors when determining whether to permit intervention:

> The nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted). These considerations weigh strongly against permissive intervention. The interests that Gila River has asserted and the perspective it wishes to provide are properly put before the court through the vehicle of an *amicus curiae* brief; they are not grounds for intervention.

1.      Gila River argues that "there is no prejudice to any party because Gila River is complying with the existing case deadlines by lodging a proposed motion to dismiss with this motion to intervene." Gila Mot. 3. That is not the case. *Whenever* an outsider intervenes on the defendant-side of a case, the plaintiff is clearly prejudiced to some degree because he is "left fighting fires on two fronts." *James City Cnty. v. EPA*, 131 F.R.D. 472, 475 (E.D. Va. 1990). Here already, for example, if Gila River's motion is granted, Plaintiffs will face three motions to dismiss, not two.

What is more, if allowed to intervene Gila River will, inevitably, delay final adjudication of the issues raised by the primary parties. As an early case colorfully put the

_____

this action within a day of its filing. *See* Howard Fischer, *Arizona Lawsuit Challenges Indian Adoption Preferences*, ARIZONA DAILY SUN, July 8, 2015, http://goo.gl/QN0Z6G.

point: "Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F. Supp. 972, 973 (D. Mass. 1943). Accordingly, "a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Id.*

2.      There is little, if any, likelihood that Gila River "will significantly contribute . . . to the just and equitable adjudication of the legal questions presented" in this case, *United States Postal Serv. v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978), largely for the reasons that Plaintiffs have already canvassed. First, the presence of the government defendants who "are zealously pursuing the same ultimate objectives" as Gila River significantly lessens the potential benefit of allowing them to intervene. *Stuart*, 706 F.3d at 355. Indeed, if "intervention as of right is decided based on the government's adequate representation, the case for permissive intervention diminishes, or disappears entirely." *Tutein v. Daley*, 43 F. Supp. 2d 113, 131 (D. Mass. 1999) (citation omitted); *Virginia Uranium, Inc. v. McAuliffe*, 2015 WL 6143105, at *4 (W.D. Va. Oct. 19, 2015) (same). *See also Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) ("[W]here . . . an existing . . . party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous . . . .").

Second, "[t]he Community asserts that ICWA is constitutional and that the complaint should be dismissed for failure to state a claim and for lack of subject matter jurisdiction." Gila Mot. 6. Gila River is not merely raising defenses that share points in common with the defenses being raised by the government defenses; it is raising the exact same defenses. The proceeding will not benefit by the mere repetition of these arguments.

Finally, Plaintiffs respectfully submit that the Gila River Community should either have filed an *amicus curiae* brief or contributed to one of the *amicus* briefs that has already been filed, with the prompt consent of the Plaintiffs, in this matter. Numerous cases

support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention. *See, e.g.*, *Harris v. Arizona Indep. Redistricting Comm'n*, 2012 WL 5835336, at *7 (D. Ariz. Nov. 16, 2012) (holding that "benefit of the Navajo Nation's voice can be had by amicus curiae participation, without complicating the expeditious processing of the case" by permitting intervention); *Gila River Indian Cmty. v. United States*, 2010 WL 4269590, at *4 (D. Ariz. Oct. 28, 2010) (after denying permissive intervention, court permitted Arizona state senator, with "unique perspective" to address Arizona statutory scheme, to file amicus brief raising argument not raised by the parties). *See also McHenry v. CIR*, 677 F.3d 214, 227 (4th Cir. 2012) ("Numerous cases support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention.") (citing *Ruthardt v. United States*, 303 F.3d 375, 386 (1st Cir. 2002); *Mumford Cove Ass'n, Inc. v. Town of Groton*, 786 F.2d 530, 535 (2d Cir. 1986); *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975)). To the extent that Gila River really does represent a perspective that is distinct from the Defendants and would be potentially helpful to this Court's resolution of the case, this would have been the proper way to present it.

## CONCLUSION

For each of the forgoing reasons, the Gila River Community's motion to intervene in his case under either Rule 24(a)(2) or Rule 24(b)(1)(B) should be denied.

**RESPECTFULLY SUBMITTED** this 2nd day of November, 2015 by:

/s/ Clint Bolick
Clint Bolick (021684)
Aditya Dynar (031583)
**Scharf-Norton Center for Constitutional Litigation**
**at the GOLDWATER INSTITUTE**

Michael W. Kirk (admitted *pro hac vice*)
Brian W. Barnes (admitted *pro hac vice*)
Harold S. Reeves (admitted *pro hac vice*)
**COOPER & KIRK, PLLC**
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Document Electronically Filed and Served by ECF this 2nd day of November, 2015.

MARK BRNOVICH
ATTORNEY GENERAL
John S. Johnson
Heather Pellegrino
1275 West Washington Street
Phoenix, Arizona 85007
John.Johnson@azag.gov
Heather.Pellegrino@azag.gov

Steven M. Miskinis
Ragu-Jara Gregg
U.S. Department of Justice
ENRD/ Indian Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Steven.miskinis@usdoj.gov
RGregg@ENRD.USDOJ.GOV

Linus Everling
Thomas L. Murphy
Gila River Indian Community
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85147
Linus.everling@gric.nsn.us
Thomas.murphy@gric.nsn.us

/s/ Kris Schlott
Kris Schlott