*Ethel Branch, Attorney General*
*The Navajo Nation*

**Katherine Belzowski, Attorney**
*NAVAJO NATION DEPARTMENT OF JUSTICE*
Post Office Box 2010
Window Rock, Navajo Nation (AZ) 86515
Phone: (928) 871-6937
Fax: (928) 871-6177

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by Carol Coghlan Carter, their next friend S.H. and J.H. a married couple; M.C. and K.C. a married couple; for themselves and on behalf of a class of similarly-situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Kevin Washburn, in his official capacity as Assistant Secretary of Bureau of Indian Affairs; Sally Jewell, in official capacity as Secretary of Interior, U.S. Department of the Interior; Gregory A. McKay, in his official capacity as Director of the Arizona Department of Child Safety,<br><br>Defendants. | No. 2:15CV-01259-PHX-NVW |

### NAVAJO NATION'S MOTION TO DISMISS (LODGED)

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Navajo Nation (Nation) moves to dismiss the Complaint with prejudice.

### MEMORANDUM OF POINTS AND AUTHORITIES

The Navajo Nation adopts and incorporates the Defendants' arguments regarding dismissal under Fed. R. Civ. P. 12(b)(1) contained in the Motion to Dismiss filed by Federal and State Defendants and pending intervenor Gila River Indian Community. The Nation submits its

1

own arguments on why under Fed. R. Civ. P. 12(b)(6) Plaintiffs have failed to state a claim for which relief can be granted.

I.  **PLAINTIFFS ARE NOT SUBJECT TO UNEQUAL TREATMENT UNDER THE LAW BASED SOLELY ON RACE.**

Plaintiffs allege that ICWA's definition of "Indian child" is based solely on the race or ancestry of a child. Complaint at ¶ 40. Plaintiffs attribute this to the allegation that most Indian tribes have only blood quantum or lineage requirements as prerequisites for membership. Complaint at ¶ 40. Plaintiffs go on to allege that since the definition of "Indian child" is based solely on race, the provisions of ICWA, such as jurisdiction-transfer (25 C.F.R. § 1911(b)), clear and convincing evidence (25 U.S.C. § 1912(e)), and active efforts (25 C.F.R. 1912(d)), subject Plaintiffs to unequal treatment under the law based solely on race, in violation of the Fifth Amendment's equal protection guarantee. Complaint at ¶ 94. The Navajo Nation, of whom Baby boy C is an enrolled citizen, *See* Navajo Nation's Motion to Intervene Exhibit 1, denies that its citizenship is based solely on race or ancestry.

Pursuant to the Navajo Nation Code, individuals with one-fourth degree of Navajo blood are not guaranteed or granted automatic citizenship. Citizenship in the Navajo Nation is made up of three types of persons: 1) all persons whose names appear on the official roll of the Navajo Nation maintained by the Bureau of Indian Affairs, 2) any person who is at least one-fourth degree of Navajo blood, and 3) children born to an enrolled member of the Navajo Nation who have at least one-fourth degree of Navajo blood. *See* 1 N.N.C. § 701. For all these persons, enrollment in the Navajo Nation is not automatic. 1 N.N.C. § 751 requires anyone wishing to apply for enrollment in the Navajo Nation to submit an application to the Navajo Office of Vital Records. Even if an individual is 100% Navajo, he or she will not be considered a citizen of the Navajo Nation unless he or she applies for citizenship and meets the criteria.

Once an individual submits an application for enrollment, the Office of Vital Records determines whether the individual is a child of an enrolled member of the Navajo Nation and has one-fourth degree of Navajo blood. Additionally, the Office will look to determine if the individual is an enrolled citizen in another Indian tribe. Individuals cannot become citizens of the Navajo Nation if they are already enrolled in another tribe, even if they possess the requisite degree of Navajo blood. *See* 1 N.N.C. § 703 (prohibiting eligible individuals from enrolling in the Navajo Nation if they are already enrolled in another tribe); *see also* 1 N.N.C. § 752 (the Screening Committee shall reject the application of applicants whom appears to be enrolled in another Indian tribe). Navajo citizenship is then more than a mere racial construct, but rather a political status which cannot be held in conjunction with citizenship in other Indian nations. If the individual meets these requirements, the Office of Vital Records will approve the individual's application. If an individual does not meet these requirements, the Office of Vital Records will forward the application on to the Enrollment Screening Committee.

The Enrollment Screening Committee is responsible for considering applications for enrollment for those not approved by the Office of Vital Records. *See* 1 N.N.C. § 752. In reviewing applications, the Screening Committee is required to base its recommendation for citizenship on an individual's degree of Navajo blood, how long he has lived among the Navajo People, whether he is presently living among them, whether he can be identified as a member of a Navajo clan, whether he can speak the Navajo language, and whether he is married to an enrolled Navajo. 1 N.N.C. § 753. Those individuals who claim one-fourth of Navajo blood but are not children of an enrolled parent are required to go before the Screening Committee and fulfill the factors in § 753.

Therefore, for both types of applicants, a showing of one-fourth degree of Navajo blood is required, but is not the sole basis of approval of an enrollment application. An individual applicant is required to show not only that he or she possess one-fourth degree of Navajo blood, but also, how he or she is connected to the Navajo community. Without the establishment of this connection, an applicant will be denied citizenship with the Navajo Nation. The requirement of individuals to apply, potentially be reviewed by a Committee and prove more than just their blood quantum, shows that its citizenship is based on more than just an individual's race or ancestry, but is a political, social, and cultural relationship with the Navajo Nation. *Cf. Mortan v. Mancari*, 417 U.S. 535 (1974)(describing Indians not as a discrete racial group, but as members of quasi-sovereign tribal entities).

Importantly, even if the blood quantum requirement is analyzed on its own, Navajo law requires Navajo blood, not Indian blood in general. This distinction is important because it highlights the fact Navajo Nation citizenship in the Navajo Nation is distinct from the race of an individual. In order to be eligible for citizenship with the Navajo Nation, an individual must show they are descendants from other individuals who were also citizens in the Navajo Nation. An individual needs to show that he or she has familial ties to the distinct political group that is the Navajo Nation. Therefore, enrollment in the Navajo Nation is not based on the race of an individual being Native American but on an individual's association with the Navajo Nation.

Plaintiffs also allege that "some tribes consider individuals with only a tiny percentage of Indian blood to be Indian…" and that "in many instances, children with only a minute quantum of Indian blood…are subject to ICWA." Complaint at ¶ 42. While this may be true for other tribes it is not true for the Navajo Nation. The Nation requires all applicants to have at least one-

fourth Navajo blood to be eligible for membership. Baby boy C, is an enrolled citizen of the Navajo Nation, and therefore has at least one-fourth Navajo blood.

## II. PLAINTIFFS' DUE PROCESS CLAIMS FAIL AS A MATTER OF LAW.

Plaintiffs allege that the failure of ICWA, as applied by the BIA Guidelines, to adequately consider the child's best interests deprives the class of plaintiff children of liberty without due process of law in violation of the Fifth Amendment. Complaint at ¶ 100. ICWA considers the best interest of the child by preserving the child's connection with its tribe, through such provisions as foster/preadoptive care placement preferences (25 U.S.C. § 1915(b)) and adoption placement preferences (25 U.S.C. § 1915(a)). These provisions are based on the fundamental assumption that it is in the Indian child's best interest that its relationship to the tribe be protected. *Miss. Band of Choctaw v. Holyfield*, 490 U.S. 30, 50 n. 24 (1989). By the inclusion of these provisions ICWA is protecting the best interest of an Indian child, by protecting her relationship with her tribe. Therefore Plaintiffs' allegations that ICWA does not consider the best interests of the child are incorrect as a matter of law.

Baby boy C is a citizen in the Navajo Nation and as such the Nation has an interest in his well-being, just as it as an interest in the well-being of all its citizens. The relationship between a child and the Nation is considered sacred in Navajo thinking. Navajo children are viewed as the future, ensuring the existence and survival of the Navajo people in perpetuity. *In re A.M.K.*, No. SC-CV-38-10, slip op. at 11 (Nav. Sup Ct. Oct. 8, 2010)[1]. It is for this reason that the Nation has passed laws regarding safety, welfare, and guidance of the Nation's children, Áłchíní Bi Beehaz

---

[1] All of the Navajo Nation Supreme Court decisions cited in this brief are available on the Navajo Supreme Court website, http://www.navajocourts.org/indexsuct.htm (last visited on November 17, 2015).

ánnii Act,[2] and exercises jurisdiction over matters concerning children who live outside the reservation. *See* 7 N.N.C. § 253a(F). The Nation's exercise of jurisdiction arises from the Nation's inherent sovereign right to watch over the upbringing of tribal children as a matter of the health, safety and welfare of the Nation as a whole. *Nouri v. Crownpoint Family Court*, No. SC-CV-41-14, slip op. at 3-4 (Nav. Sup. Ct. July 22, 2014). It also is consistent with traditional Navajo law, or Diné bi beenahaz'áanii, which teaches that children occupy a space in Navajo culture that can best be described as holy or sacred. *Id*.

A child's connection to the Nation goes to the essence of Navajo identity. Knowing one's point of origination is extremely important to the Navajo People, "because only then will a person know which adoone'e (clan) and dine'e (people) the person is." *In re A.M.K.*, at 12. This knowledge is necessary for an individual to participate in religious ceremonies. *Id*. Navajos believe that without this knowledge, a person will not be able to seek hozho (harmony and peace). *Id*. When applied to a child, this knowledge is necessary for the child's emotional, physical, and spiritual well-being. *Id*. It would not be in baby boy C's best interests, as a citizen of the Navajo Nation, to not have this connection with the Nation preserved. In Navajo thought it not only negatively affects his identity but also his well-being. Since ICWA does consider the best interest of the baby boy C, who is a citizen of the Navajo Nation, by preserving his connection to the Nation, ICWA does not violate the substantive due process rights of the Fifth Amendment.

### III.   CONCLUSION

For the above reason Plaintiffs have failed to state a claim for which relief can be granted. ICWA's reliance on tribal membership not an impermissible racial classification but

---

[2] http://www.navajocourts.org/indexdistct.htm (last visited on November 17, 2015).

rather a political classification that has been recognized by Congress and the Supreme Court. The citizenship requirements of the Navajo Nation are further evidence of the treatment of its citizenship as a political classification rather than a racial classification. Further, ICWA incorporates the best interests of the child is maintaining his or her connection to the Nation, and therefore does not violate Due Process. Therefore this court should dismiss the Complaint in its entirety.

Respectfully Submitted this 18th day of November, 2015.

By: _____
Katherine Belzowski, Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION TO INTERVENE was electronically transmitted to the Clerk's Office for filing using the CM/ECF System on this 18th day of November, 2015 and copy to the following:

Mark Brnovich, Attorney General
John S. Johnson, Division Chief Counsel
1275 West Washington Street
Phoenix, Arizona  85007
John.Johnson@azag.gov

Clint Bolick
Aditya Dnar
Courtney Van Cott
Scharf-Norton Center for Constitutional Litigation at
The Goldwater Institute
500 East Coronado Road
Phoenix, AZ  85004
litigation@golwaterinstitute.org

Michael W. Kirk
Brian W. Barnes
Harold S. Reeves
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Steve Miskinis
U.S. Department of Justice
ENRD/Indian Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 200044-7611
steven.miskinis@usdoj.gov

By: _____
Dana Martin, Legal Secretary
Office of the Attorney General