Steven Miskinis
JoAnn Kintz
Christine Ennis
Ragu-Jara Gregg
U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 305-0262
Email: steven.miskinis@usdoj.gov
*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by CAROL COGHLAN CARTER, their next friend;<br>S.H. and J.H., a married couple;<br>M.C. and K.C., a married couple;<br>for themselves and on behalf of a class of similarly-situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>KEVIN WASHBURN, in his official capacity as Assistant Secretary of BUREAU OF INDIAN AFFAIRS; SALLY JEWELL, in her official capacity as Secretary of Interior, U.S. DEPARTMENT OF THE INTERIOR;<br>GREGORY A. McKAY, in his official capacity as Director of the ARIZONA DEPARTMART OF CHILD SAFETY,<br><br>        Defendants. | No. 2:15-CV-01259- PHX-NVW<br><br>**FEDERAL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES**<br><br>(Assigned to The Honorable Neil V. Wake) |

Federal Defendants respectfully submit this Notice of Supplemental Authorities to bring to the Court's attention the December 9, 2015 decision of the U.S. District Court for the Eastern District of Virginia in *National Council for Adoption et al. v. Jewell et al.*, No. 15-cv-00675 (E.D. Va., December 9, 2015) (attached as Exhibit 1). In a detailed opinion, the court rejected plaintiffs' suite of claims, many of which substantially overlap with the claims in this case, and granted Federal Defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim.

The court rejected an APA challenge to the Guidelines, concluding they are not justiciable as they are not final agency action under the APA. *Id*. at 10.  The court also rejected plaintiffs' constitutional claims for failure to demonstrate authority to support such challenges. *Id*.  The court reasoned that the "equal protection claims fail because the 2015 Guidelines are not race-based, but instead, based on one's political membership in a federal recognized Indian tribe, which does not cease when that member leaves of [sic] the reservation." *Id.* at 11. Next, in rejecting plaintiff's argument that ICWA exceeds Congress' authority under the Indian Commerce Clause, the court recognized the difference between the Indian Commerce Clause and Interstate Commerce Clause, *id*. at 13, and stated that Congress' legislative authority over Indian affairs stems from more than the Indian Commerce Clause; it also derives from pre-constitutional powers and the trust relationship between the federal government and Indian tribes. *Id.* (citations omitted). Finally, the court found unpersuasive plaintiffs' argument that the Guidelines impermissibly commandeer state courts and agencies

2

because they do not mandate state court compliance. *Id*. at 14 (citation omitted).

For the Court's convenience, the opinion in *National Council for Adoption* is attached hereto as Exhibit 1.

Federal Defendants would also like to respond to Plaintiffs' Notice of Supplemental Authority with respect to: Opinion of the Arizona Court of Appeals, Division One, in *Gila River Indian Community v. Department of Child Safety*, No. 1 CAJV 15-0178 (December 8, 2015); ECF No. 109, Ex. 1. Contrary to Plaintiffs' representations, the Arizona Court of Appeals' decision in no way "highlights the separate, unequal, and substandard treatment given under [ICWA] to Indian children." ECF No. 109 at 2. The court expressed concern that deviating from ICWA's placement preferences "remove[s], or at the very least, distance[s] an Indian child from his or her native community" and is "likely to occur more readily under a preponderance of evidence standard." No. 1 CAJV 15-0178 at 7. The court noted that the Guidelines, "although non-binding," recommended a clear and convincing standard. *Id.* However, the court decided to adopt the clear and convincing standard not by looking at the recommendation in the Guidelines alone, but also by looking at ICWA and its legislative history, Supreme Court precedent, and "the clear majority view of other state courts." *Id.* 6-8. This decision does not demonstrate harm or substandard treatment towards Indian children, but instead demonstrates a state court's decision to settle a question of first impression under Arizona law through the lens of ICWA; Congress' stated purpose in enacting ICWA; and the statutory protections afforded by ICWA to

Indian children and Indian communities.

RESPECTFULLY SUBMITTED this 10th day of December, 2015.

JOHN C. CRUDEN
Assistant Attorney General

s/_____
Steve Miskinis
JoAnn Kintz
Indian Resources Section
Christine Ennis
Ragu-Jara Gregg
Law and Policy Section
U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 305-0262
Email: steven.miskinis@usdoj.gov
*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

MARK BRNOVICH
ATTORNEY GENERAL
Firm Bar No. 14000
John S. Johnson (016575)
Division Chief Counsel
1275 West Washington Street
Phoenix, Arizona 85007
Telephone: (602) 542-9948
e-mail:  John.Johnson@azag.gov
*Attorney for Defendant Gregory A. McKay*

Clint Bolick (021684)
Aditya Dynar (031583)
Courtney Van Cott (031507)
Scharf-Norton Center for Constitutional Litigation at the Goldwater Institute
500 East Coronado Road
Phoenix, Arizona 85004
(602) 462-5000
e-mail:  litigation@goldwaterinstitute.org

Michael W. Kirk *(admitted pro hac vice)*
Brian W. Barnes *(admitted pro hac vice)*
Harold S. Reeves *(admitted pro hac vice)*
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Attorneys for Plaintiffs*

|   |   |
|---|---|
| 1 | |
| 2 | s/_____ |
| 3 | Christine Ennis |
|   | U.S. Department of Justice |
| 4 | ENRD/Law & Policy Section |
|   | P.O. Box 7415 |
| 5 | Ben Franklin Station |
| 6 | Washington, D.C. 20044-7415 |
|   | Telephone: (202) 616-9473 |
| 7 | Email: christine.ennis@usdoj.gov |
| 8 | *Attorneys for Federal Defendants* |