# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NATIONAL COUNCIL FOR ADOPTION, )<br>BUILDING ARIZONA FAMILIES on behalf )<br>of itself and its birth-parent clients, birth )<br>parents D.V. and N.L., and baby boy T.W. by )<br>and through his guardian ad litem PHILIP )<br>(JAY) MCCARTHY, JR., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SALLY JEWELL, in her official capacity as )<br>Secretary of the United States Department of )<br>the Interior, KEVIN WASHBURN, in his )<br>official capacity as Assistant Secretary of )<br>Indian Affairs, BUREAU OF INDIAN )<br>AFFAIRS, and the UNITED STATES )<br>DEPARTMENT OF THE INTERIOR, )<br>)<br>Defendants. | Case No. 1:15-cv-675-GBL-MSN |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings (Docs. 50, 51). Defendants' motion asserts that the Court lacks subject-matter jurisdiction to hear Plaintiffs' claims and that the Complaint must be dismissed because Plaintiffs have not stated a claim for which relief can be granted because the Guidelines for State Courts and Agencies in Indian Child Custody Proceedings, 80 Fed. Reg. 10, 146 (Feb. 25, 2015) ("2015 Guidelines") are a non-binding and non-final agency action (Doc. 52). Although the case initially involved multiple plaintiffs, all Plaintiffs except Building Arizona Families ("BAF") and National Council for Adoption ("NCFA") voluntarily dismissed their claims (Doc. 65). Because NCFA failed to oppose

Defendants' Motion to Dismiss, it has waived defense of its claims. (Doc. 64). Thus, only BAF's claims remain before the Court.

The issue is whether the Court has subject-matter jurisdiction over Plaintiff BAF's claims and whether Plaintiff BAF states a claim for relief.

The Court GRANTS Defendants' Motion to Dismiss For Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings for four reasons. First, and most importantly, Plaintiffs' claims are precluded by the October 20, 2015 Memorandum Opinion and Order ("Memorandum Opinion") denying Plaintiffs' motion for partial summary judgement (Doc. 66), in which the Court held that (1) Plaintiffs lack standing to challenge the Guidelines, (2) the Guidelines are not justiciable as a "final agency action" because they do not create legal rights and obligations, and (3) the Guidelines are non-binding interpretive rules.[1] Second, BAF has not demonstrated any authority to support its equal protection, due process, or Indian Commerce Clause claims. Third, the 2015 Guidelines do not commandeer state entities. Fourth, Plaintiff BAF has failed to plead a *Bivens* action. Accordingly, Plaintiffs' claims fail for lack of subject matter jurisdiction and are dismissed as a matter of law.

## I.  BACKGROUND

This matter arises from Defendants, Sally Jewell, in her official capacity as Secretary of the United States Department of the Interior, Kevin Washburn, in his official capacity as Assistant Secretary of Indian Affairs, the Bureau of Indian Affairs, and the Department of the Interior's Motion to Dismiss Plaintiffs' claims for lack of subject-matter jurisdiction (Doc. 50).

---

[1] Plaintiffs stipulated to dismissal of Counts II, III, and IV. (Doc. 65). In light of the Court's ruling in the October 15, 2015 Memorandum Opinion and Order, and the additional analysis herein, each of Plaintiffs' remaining claims (I, V, VI, VII, and VIII) are also dismissed.

Defendants assert that Plaintiffs cannot state a valid claim because the 2015 Guidelines in issue are non-binding and non-final (Doc. 52).

Plaintiff NCFA is a non-profit, national adoption policy organization with its headquarters and principal place of business in Alexandria, Virginia (Doc. 1). Plaintiff Building Arizona Families is a non-profit adoption agency headquartered in, and licensed by, the State of Arizona. *Id.* Plaintiff BAF is suing on its own behalf, and on behalf of its birth-parent clients who are frustrated by the 2015 Guidelines that seek to implement the Indian Child Welfare Act ("ICWA")'s hierarchy of placement preferences regarding birth-parent client's decisions to place their children, classified as "Indian children," into adoptive homes. *Id.* Plaintiffs D.V. and N.L. are birth parents of a child who is an "Indian child" under ICWA because D.V., the child's father, is an enrolled member of the Pascua Yaqui Tribe located in Arizona and both parents, D.V. and N.L. are residents of Arizona and do not reside on an Indian reservation. *Id.* D.V. and N.L. selected an adoptive placement that is not within ICWA's placement preferences. *Id.* Plaintiff Phillip (Jay) McCarthy, Jr. is a resident of Arizona and is the court-appointed guardian ad litem from baby boy T.W., who is an "Indian Child" pursuant to the ICWA, because he is an enrolled member of the Navajo Nation. *Id.* T.W.'s foster parents are not a preferred placement under the ICWA or the 2015 Guidelines. *Id.*

Defendant Sally Jewell is the Secretary of the United States Department of the Interior. *Id.* Defendant Kevin Washburn is the Assistant Secretary for Indian Affairs at the Bureau of Indian Affairs within the United States Department of the Interior. *Id.* Defendant Bureau of Indian Affairs is a federal agency within the Department of the Interior. *Id.* Defendant Department of the Interior is a federal executive department of the United States. *Id.*

3

Congress enacted the Indian Child Welfare Act ("ICWA") to address "'the consequences to Indian Children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.'" *Adoptive Couple v. Baby Girl*, 133 S. Ct. 2552, 2557 (2013) (quoting *Miss Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989)). The ICWA applies to "child custody proceedings" (defined as foster-care placements, terminations of parental rights, and pre-adoptive and adoptive placements) involving an "Indian child," which is defined as "any unmarried person who is under age 18 and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe." 25 U.S.C. §§ 1903(1), (4). On February 25, 2015, the BIA updated the 1979 Guidelines, 44 Fed. Reg. 67, 584 (1979), with the 2015 Guidelines in order to "promote compliance with ICWA's stated goals and provisions by providing a framework for State courts and child welfare agencies to follow." 80 Fed. Reg. 10, 146-147.

On May 27, 2015, Plaintiffs filed a Complaint consisting of eight counts (Doc. 1). In Count I, all Plaintiffs allege that the 2015 Guidelines violated the APA. *Id.* Count II alleges that the 2015 Guidelines violated Plaintiff T.W.'s right to due process. *Id.* Count III alleges that the 2015 Guidelines violated Plaintiff T.W.'s right to equal protection of the laws. *Id.* Count IV alleges that Plaintiff T.W. was entitled to declaratory judgment because applying ICWA's placement preferences through the 2015 Guidelines would violate T.W.'s rights under the due process and equal protection components of the Fifth Amendment. *Id.* Count V alleges that the 2015 Guidelines violated birth parents of Indian children D.V., N.L., the unspecified birth parents represented by BAF, and Phillip (Jay) McCarthy, representing T.W.'s rights to due process. *Id.* Count VI alleges that the 2015 Guidelines violated the birth parents' right to equal

4

protection of the laws. *Id.* Count VII alleges that the birth parent Plaintiffs were entitled to declaratory judgment because the ICWA exceeds the legislative authority of Congress under Article I of the Constitution. *Id.* Finally, Count VIII alleges that the 2015 Guidelines violate the 10th Amendment by impermissibly commandeering the regulatory licensing apparatuses. *Id.*

On July 30, 2015 all Plaintiffs filed a Motion for Summary Judgment on Count I involving the APA claim (Docs. 20, 21). Plaintiffs' Motion for Summary Judgment argued that the 2015 Guidelines are legislative guidelines which make them binding and that as binding "legislative rules," the BIA was required to adhere to the APA's notice-and-comment procedures before issuing them. *Id.* Plaintiffs sought a judgment that the 2015 Guidelines violate the APA and the United States Constitution, an order setting aside the 2015 Guidelines, and injunctive relief ordering Defendants to withdraw the 2015 Guidelines (Doc. 1). Plaintiffs also sought a declaratory judgment that the child custody provisions of the ICWA, 25 U.S.C. §§ 1911-1923, violate the United States Constitution and accordingly cannot be applied to them. *Id.*

While Plaintiffs' Motion for Summary Judgment was pending, Defendants filed this Motion to Dismiss on September 11, 2015, alleging that Plaintiffs cannot establish a controversy because the 2015 Guidelines are non-binding, that all Plaintiffs have failed to state any claim for relief, and that NCFA and BAF are not injured have not alleged facts sufficient to show they are suitable advocates for third-party plaintiffs (Docs. 50, 51, 52). While Defendants' Motion to Dismiss was pending, the Court issued a Memorandum Opinion Denying Plaintiffs' Motion for Summary Judgment (Doc. 66), holding that (1) Plaintiffs lack standing to challenge the Guidelines, (2) the Guidelines are not justiciable as a "final agency action" because they do not create legal rights and obligations, and (3) the Guidelines are non-binding interpretive rules.

5

On October 16, 2015, Plaintiffs voluntarily dismissed the claims of all Plaintiffs except BAF and NCFA (Doc. 65). On the same day, NCFA failed to oppose Defendants Motion, thereby waiving any defense of its claims (Doc. 64). In Plaintiff BAF's Opposition to Defendants' Motion to Dismiss, BAF argues that it has standing to challenge the 2015 Guidelines and that it has stated a claim on behalf of its birth-parent clients. *Id.* In their Reply, Defendants argue that the Court's Memorandum Order precludes Plaintiffs' claims, and that Plaintiff BAF's Opposition does not salvage Plaintiffs' substantive claims, which still fail to state any grounds for relief; accordingly, Defendants urge the Court to dismiss Plaintiffs' remaining claims (Doc. 67). Defendants' Motion to Dismiss is now properly before the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. FED R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To be facially

6

plausible, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

The requirement for plausibility does not mandate a showing of probability but merely that there is more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). In addition to the complaint, the court will also examine "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The Court reviewing a Rule 12(b)(6) Motion to Dismiss must separate factual allegations from legal conclusions. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012). In considering a Rule 12(b)(6) motion, a court must give all reasonable inferences to the plaintiff and accept all factual allegations as true. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). Though a court must accept the truthfulness of all factual

7

allegations, it does not have to accept the veracity of bare legal conclusions. *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)).

A court must grant a Rule 12(b)(6) motion where a complaint fails to provide sufficient nonconclusory factual allegations to allow the court to draw the reasonable inference of the defendant's liability. *Giacomelli*, 588 F.3d at 196–97 (citing *Iqbal*, 556 U.S. at 678–79; *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992) (en banc)).

## II.  ANALYSIS

This Court GRANTS Defendants' Motion to Dismiss For Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings because: (1) Plaintiffs' claims are precluded by this Court's October 20, 2015 Memorandum Opinion in which the Court held that Plaintiffs lack standing to challenge the Guidelines, that the Guidelines are not justiciable as a "final agency action," and that the Guidelines are non-binding interpretive rules; (2) BAF has not demonstrated any authority to support its equal protection, due process, or Indian Commerce Clause claims; (3) the 2015 Guidelines do not commandeer state entities; and (4) BAF has failed to plead a *Bivens* action.

### A. This Court Has Determined that Plaintiffs' challenges to the 2015 Guidelines Are Not Justiciable

The Court GRANTS Defendants' Motion to Dismiss because this Court has already determined that the 2015 Guidelines are not justiciable as a "final agency action" (Doc. 66). This determination prevents Plaintiff BAF's claims from succeeding because (1) Plaintiff BAF's claims are no longer plausible and (2) the law of the case doctrine restricts this Court to its previously determined legal decisions on Plaintiffs' Motion for Summary Judgment.

First, in order to survive a 12(b)(6) motion, BAF must state a claim that is sufficiently "plausible on its face." *Iqbal*, 556 U.S. at 678. Second, the law of the case doctrine "restricts a

8

court to legal decisions it has made on the same issues in the same case." *DietGoal Innovations LLC v. Wegmans Food Mkts., Inc.*, 993 F. Supp. 2d 594, 600 (E.D. Va. 2013) (quoting *MacDonald v. Moose*, 710 F.3d 154, 161 (4th Cir. 2013); *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 807 E.D. Va. 2007). *See also Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (stating that the law of the case doctrine should be followed when applicable unless "the prior decision was clearly erroneous and would work manifest injustice").

First, Plaintiffs' claim is not sufficiently plausible on its face. In Plaintiff BAF's Opposition to Defendants' Motion to Dismiss and for Judgment on the Pleadings, Plaintiff alleges that BAF may challenge the 2015 Guidelines because they are still a final agency action subject to judicial review under the APA, even as interpretive rules (Doc. 64). Plaintiff raised many of the same claims in its Motion for Summary Judgment (Doc. at 20-21). However, Plaintiffs' assertions have already been denied by this Court (Doc. 66). Specifically, this Court denied Plaintiffs' Motion for Summary Judgment on the grounds that the Court lacks subject-matter jurisdiction over Plaintiffs' APA claim involving the 2015 Guidelines since Plaintiffs lack standing to challenge the 2015 Guidelines. The Court ruled both that Plaintiffs do not allege a cognizable injury in fact and that Plaintiffs have not established a causal connection between the injury alleged and the issuance of the 2015 Guidelines because the Guidelines can only be implemented by the action of state courts. (Doc. 66 at 8-9). Further, the Court held that the 2015 Guidelines are not a "final agency action" within the meaning of the APA because they do not create legal rights and obligations. *Id.* at 10-12. Finally, the Court determined that the 2015 Guidelines are non-binding interpretive rules. *Id.* at 13-16.

Second, the law of the case doctrine restricts this Court to its previously determined legal decisions in its ruling on Plaintiffs' Motion for Summary Judgment. *See MacDonald*, 710 F.3d

9

at 161. Defendants, recognizing that this Court's denial of Plaintiffs' Motion for Summary Judgment has already settled Plaintiff BAF's challenges to the 2015 Guidelines request that this Court formally extend its holding on the Plaintiff's Motion for Summary Judgment to the present action (Doc. 67).

For the reasons explained in this Court's Memorandum Opinion and Order on Plaintiffs' Motion for Summary Judgment, BAF has not demonstrated that the 2015 Guidelines are a final agency action for jurisdiction under the APA or that they are contrary to law (Doc. 66). As a result, Plaintiffs' Count I must be dismissed because this Court found no subject-matter jurisdiction. *Id.* Counts V, VI, VII, and VIII must also be dismissed because they either target or challenge the 2015 Guidelines. *Id.*

In sum, this Court has already determined that the 2015 Guidelines are not justiciable as a final agency action and thus, Plaintiff BAF's claim fails because it is are not plausible on its face. For these reasons, the Court GRANTS Defendants' Motion to Dismiss.

### B. BAF Has Not Demonstrated Any Authority to Support its Equal Protection, Due Process, or Indian Commerce Clause Claims

The Court also GRANTS Defendants' Motion to Dismiss because Plaintiffs have stipulated to the dismissal of Counts II, III, and IV when they voluntarily dismissed the claims of all Plaintiffs except BAF and NCFA (Doc. 65). Counts II, III, and IV specifically refer to Plaintiffs other than BAF, the sole remaining Plaintiff in this case, which precludes BAF from asserting these claims regarding equal protection, due process, and the Indian Commerce Clause. Even if Plaintiff BAF could bring forth these claims, they all fail because Plaintiff BAF has not demonstrated authority to support its claims that the 2015 Guidelines violate (1) equal protection, (2) due process, or (3) the Indian Commerce Clause.

First, Plaintiff BAF argues that the 2015 Guidelines, even if they are determined to be non-binding rules, violate Plaintiffs' right to equal protection of the law (Doc. 1). Specifically, Plaintiffs allege that applying the 2015 Guidelines imposes burdens on Plaintiff T.W.'s ability to maintain familial bonds with his current foster parents solely because he is defined as an "Indian child." *Id.* Plaintiffs also allege that the 2015 Guidelines induces state courts to violate Birth Parent Plaintiffs' rights to equal protection under the laws by imposing burdens on their ability to direct the custody and upbringing of their "Indian children." *Id.* Plaintiffs later explain that the 2015 Guidelines are a violation to the equal protection clause because they apply to children "whose only connection to the tribe is biological" (Doc. 64).

Defendants, however, have properly asserted that Plaintiff BAF's equal protection claims fail because the 2015 Guidelines are not race-based, but are instead, based on one's political membership in a federally recognized Indian tribe, which does not cease when that member leaves of the reservation (Doc. 51). *See* 25 U.S.C. § 1903(4) (defining an "Indian child" as children who are themselves members of an Indian tribe, or who are eligible for membership and have a biological parent who is a member of an Indian tribe). *See also Morton v. Mancari*, 417 U.S. 535, n. 24 (1974) (stating that "the preference is political rather than racial in nature" when referring to the classification of "Indians"). Therefore, Plaintiff BAF's claim that the 2015 Guidelines violate the right to equal protection because the definition of "Indian children" is race-based fails since the definition is political in nature.

Second, Plaintiff BAF argues that the 2015 Guidelines violate the Due Process Clause because it unduly burdens and violates a parent's due process rights to direct the upbringing of their child (Doc. 64). BAF concedes that the Fourth Circuit has not recognized a constitutional right of birth parents to direct their child's adoptive placement. *Id.* However, BAF seeks this

11

Court to rule that such a right exists on the basis of the Supreme Court's decision in *Wisconsin v. Yoder*, 406 U.S. 205 (1972). In *Yoder*, the court recognized birth parents' rights to withdraw their children from public school on the basis of religion. The Court in *Yoder* determined that "when the interest of parenthood are combined with a free exercise claim," "more than . . . a reasonable relation to some purpose within the competency of the State" is required to sustain the validity of state regulation under the First Amendment. *Id.* at 233-34. The Court further established that "[a] way of life, however virtuous and admirable, may not be interposed as a barrier to reasonable state regulation of education if it is based on purely secular considerations." *Id.* at 215.

*Yoder* is distinguishable from the present case. Unlike in *Yoder*, Plaintiff BAF did not assert a free exercise claim for religion. Furthermore, Plaintiff BAF has failed to provide the nexus between a parent's right to place their child for adoption and any claim to free exercise in order to properly assert such a claim. In contrast to *Yoder*, Defendants argue that this Court consider the *Michael* case. *See Michael H. v. Gerald D.*, 491 U.S. 110, 128 (1989) (holding the interests of a biological parent in something as consequential as custody may be outweighed completely by the state's interests). Defendants further contend that the birth parents' interests are not threatened since the 2015 Guidelines are non-binding guidance (Doc. 67). Plaintiff BAF has not persuaded this Court to consider *Yoder* as controlling in the present case and fails to establish why this court should set a new precedent for due process claims related to parents' rights on the basis of *Yoder*.

Additionally, Plaintiff BAF attempts to defend its due process claims through its assertion that any burden that the 2015 Guidelines might impose on the as-of-yet unrecognized right of birth parents to direct placement could not be narrowly tailored to keep Indian children

12

with their community because "most of BAF's clients' children have not yet been born." (Doc. 64). Plaintiff BAF broadly returns to *Yoder* to suggest that where a fundamental right is burdened by a statute, the statute must always yield. *Id.* Again, Plaintiff has failed to establish how *Yoder* is comparable to the present case. Furthermore, Defendants have argued that this assertion is in complete contradiction to the Supreme Court's Decision in *Roe v. Wade*. *See Roe v. Wade*, 410 U.S. 113, 155 (1973) (stating that "[R]egulation limiting [certain fundamental] rights may be justified only by a 'compelling state interest' and . . . must be narrowly drawn to express only the legitimate state interests at stake.") (internal citations omitted). Therefore, Plaintiff BAF's due process claims fail because Plaintiff BAF demonstrated adequate support for the claims.

Third, Plaintiff BAF argues that the ICWA exceeds Congress' authority under the Indian Commerce Clause ("ICC") (Doc. 64). However, BAF only cites to cases referring to the Interstate Commerce Clause, which the Supreme Court has distinguished. *See Cotton Petroleum Corp. v. New Mexico*, 490 U.S. 163, 192 (1989) (explaining that "the extensive case law that has developed under the Interstate Commerce Clause, moreover, is premised on a structural understanding of the unique role of States in our constitutional system that is not readily imported to cases involving the Indian Commerce Clause"). Furthermore, Plaintiff BAF's claim ignores the fact that federal legislative authority for the ICWA stems from "the Constitution's adoption of preconstitutional powers necessarily inherent in any Federal Government . . ." *United States v. Lara*, 541 U.S. 193, 201 (2004). The power has also been derived through the federal government's assumption of a trust obligation toward Indian tribes. *Morton v. Mancari*, 417 U.S. 535, 522 (1974) (stating that federal legislative authority also comes from the President's treaty power which "has often been the source of the Government's power to deal

13

with Indian tribes"). Thus, Plaintiff BAF's claims regarding the Indian Commerce Clause fail to cite to any authority to support its arguments.

Plaintiffs' claims fail because BAF has not demonstrated authority to support its claims that the 2015 Guidelines violate (1) equal protection, (2) due process, or (3) the Indian Commerce Clause. Accordingly, this Court GRANTS Defendants' Motion to Dismiss.

### C. The 2015 Guidelines Do Not Commandeer State Entities

This Court GRANTS Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction because the 2015 Guidelines do not commandeer state entities.

Plaintiff argues that the 2015 Guidelines violate the Tenth Amendment to the United States Constitution by impermissibly commandeering state courts and state licensed agencies (Doc. 64). The Supreme Court has held that "[t]he Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions to administer or enforce a federal regulatory program." *Printz v. United States*, 521 U.S. 898, 935 (1997). Plaintiff argues that although the 2015 Guidelines are characterized as recommendations, on its face, they commandeer state courts and agencies (Doc. 64). The Court decided this issue in its denial of Plaintiffs' Motion for Summary Judgment, holding that "the 2015 Guidelines do not mandate state court compliance." (*See* Doc. 66 at 10).

Regardless, even if the 2015 Guidelines were legislative rules, rather than interpretive guidelines that do not mandate the state court compliance, the 2015 Guidelines still would not commandeer state entities to comply with its regulations. As stated in part B, *supra*, Congress passed the ICWA pursuant to congressional authority expressly granted in the Constitution. Just as Congress may pass laws enforceable in state courts, Congress may direct state judges to

enforce those laws. *New York v. United States*, 505 U.S. 144, 178 (1992). Where a state court is applying the rights and protections provided for by ICWA the federal government can act to prevent state "rules of practice and procedure" from "dig[ging] into substantive federal rights." *Brown v. Western Ry.*, 338 U.S. 294, 296 (1949). Since the 2015 Guidelines would be within Congress' authority to enforce, there is no suggestion that the 2015 Guidelines commandeer state entities to comply with its regulations.

Accordingly, Plaintiff fails to state a claim that the 2015 Guidelines commandeer state entities. For these reasons, this Court GRANTS Defendants' Motion to Dismiss.

### D. BAF Failed to Plead a *Bivens* Action

This Court GRANTS Defendants' Motion to Dismiss because Plaintiff has failed to plead a *Bivens* Action. Specifically, this claim fails because Plaintiff has not applied the *Bivens* elements to the present case and there is no indication that the 2015 Guidelines are unconstitutional.

A *Bivens* action may be brought forth when a government agent's inducement of another to violate constitutional rights itself violates those rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1196-97 (10th Cir. 2010); *see also Weise v. Jenkins*, 796 F. Supp. 2d 188, 197 (D.D.C. 2011) (stating that "Governmental officials may also be held personally liable in damages for constitutional infringements resulting from their establishment of unconstitutional policies"). To succeed on a policy making theory, a plaintiff must demonstrate that the official against whom the liability is asserted has the power—vested either formally or as a practical matter—to formulate policy, and has exercised that policymaking authority to generate improper practices. *Id.* To establish a claim for policymaking liability under *Bivens*, a plaintiff must show that the

15

official (1) established a policy (2) that was unconstitutional and (3) caused the plaintiff to be injured. *Id.*

In its Opposition, BAF argues that it "stated a valid *Bivens* claim against the individual Defendants, who have publicly urged the violation of birth parents' constitutional rights through publication of the 2015 Guidelines" (Doc. 64). However, Plaintiff BAF merely set forth the rule of applying a *Bivens* action, without applying the rule to the present case. *Id.* Defendants argue that Plaintiff BAF's attempt to plead a *Bivens* action is insufficient because BAF only attempts to incorporate the standards governing when a government official possesses the requisite personal involvement to be liable under *Bivens* and BAF's claim fails because it can only be brought for money damages.

The Court in *Bivens* stated that "an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent." *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-96 (1971). However, the Plaintiff BAF here, in addition to its failure to apply the *Bivens* elements to the present case, has failed to demonstrate a "valid" *Bivens* complaint because Plaintiff did not bring an action for monetary action, but instead is only seeking equitable relief. Even if this were not the case, Plaintiff still fails to meet the first requirement of *Bivens* because Plaintiff did not sue any Defendant in their individual capacity, only their official capacity. Furthermore, the second element fails because there is no evidence that the 2015 Guidelines are unconstitutional. Lastly, the third element could not be applicable without establishing the first two elements.

Analysis of these factors supports the conclusion that Plaintiff's claims fail to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss is GRANTED.

16

### III. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss For Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings for four reasons. First, Plaintiffs' claims are precluded by this Court's October 20, 2015 Memorandum Opinion and Order ("Memorandum Opinion") denying Plaintiffs' motion for partial summary judgement (Doc. 66), in which the Court held that (1) Plaintiffs lack standing to challenge the Guidelines, (2) the Guidelines are not justiciable as a "final agency action" because they do not create legal rights and obligations, and (3) the Guidelines are non-binding interpretive rules. Second, BAF has not demonstrated any authority to support its equal protection, due process, or Indian Commerce Clause claims. Third, the 2015 Guidelines do not commandeer state entities. Fourth, Plaintiff BAF has failed to plead a *Bivens* action. For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

ENTERED this _9th_ day of December, 2015.

Alexandria, Virginia
12 / 9 / 2015

/s/
Gerald Bruce Lee
United States District Judge

17