1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by CAROL COGHLAN CARTER, their next friend; S.H. and J.H., a married couple; M.C. and K.C., a married couple; for themselves and on behalf of a class of similarly-situated individuals, | No.  2:15-CV-01259- PHX-NVW |
| Plaintiffs, | **FEDERAL DEFENDANTS' MOTION TO ENTER AN ORDER AUTHORIZING RELEASE OF CERTAIN STATE RECORDS** |
| v. | |
| KEVIN WASHBURN, in his official capacity as Assistant Secretary of BUREAU OF INDIAN AFFAIRS; SALLY JEWELL, in her official capacity as Secretary of Interior, U.S. DEPARTMENT OF THE INTERIOR; GREGORY A. McKAY, in his official capacity as Director of the ARIZONA DEPARTMENT OF CHILD SAFETY, | |
| Defendants. | |

Federal Defendants respectfully request that this Court enter an order authorizing release of certain state records, as described below.  Prior to filing this motion, Federal Defendants provided the other parties with a copy of this motion and proposed order to solicit their positions.  The State Defendant is still considering its position on the motion.  Plaintiffs stated that they would not oppose the motion if the proposed order states that copies of requested documents are directed to counsel for all parties in this litigation, including the Plaintiffs' counsel.  As discussed below, in making this request, Federal Defendants have considered the intent of A.R.S. § 8-807K., which requires a balancing of the rights of the parties entitled to confidentiality against the rights of the party seeking release of the information.  Because Federal Defendants are not in a

position to conduct this balancing on behalf of the other parties in this case, Federal Defendants do not believe it is appropriate to amend their proposed order to accommodate the Plaintiffs' request.  However, if any of the other parties made a separate request to receive copies of the records, the Federal Defendants expect that they would take no position on such a motion.

Carol Coghlan Carter, next friend to Minor Plaintiffs, A.D. and C.C., and Plaintiffs S.H., J.H., M.C. and K.C., foster care parents in Arizona, have brought an action against Federal Defendants, Kevin Washburn, in his official capacity as Assistant Secretary of Indian Affairs[1], Sally Jewell, in her official capacity as Secretary of the United States Department of the Interior, and State Defendant Gregory McKay, in his official capacity as Director of the Arizona Department of Child Safety ("DCS"). Plaintiffs allege, among other things, that provisions of the Indian Child Welfare Act of 1978 ("ICWA") as applied to Indian children and foster and prospective adoptive parents who are or may become involved in Arizona state child custody proceedings violate the United States Constitution.  Plaintiffs further allege that the Bureau of Indian Affairs "Guidelines for State Courts and Agencies in Indian Child Custody Proceedings," 80 Fed. Reg. 10156 (Feb. 25, 2015), which concern the implementation of ICWA's requirements, constitute unlawful agency action and violate the Administrative Procedure Act.  Defendants' motions to dismiss the complaint are fully briefed, argued, and pending before the Court.

In August 2015, Plaintiffs filed a motion to certify a class action of all "off-reservation Arizona-resident children with Indian ancestry and all off-reservation non-Indian Arizona-resident foster, preadoptive, and prospective adoptive parents in child custody proceedings involving children with Indian ancestry who are not members of the child's extended family," alleging that the proposed class satisfies the four threshold requirements of Fed. R. Civ. P. 23(a), as well as the requirements of Fed. R. Civ. P.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Larry Roberts should be substituted for Kevin Washburn as Acting Assistant Secretary of Indian Affairs.

23(b).  Rec. Doc. 22.

The Court denied without prejudice the Plaintiffs' motion for class action status as premature.  Rec. Doc. 39.  However, Plaintiffs have made clear they will refile their motion after a Court ruling on the Defendants' motions to dismiss.  At a hearing on September 23, 2015, the Court stated that discovery into whether Plaintiffs have met the standards for class certification may proceed.  After the September 23 hearing, the Parties drafted a Protective Order governing all confidential information disclosed in connection with this action, including juvenile court records.  That Order was entered by the Court on February 2, 2016.  Rec. Doc. 133.

As set forth in the attached Proposed Order For Release of Certain State Records, Federal Defendants request through this Motion copies of the state juvenile court records for the custody proceedings of minor Plaintiffs C.C. and A.D., additional proposed minor Plaintiffs C.R. and L.G.,[2] as well as the four minors identified in Plaintiffs' declaration of M.G. and B.G. in support of class certification as putative class members.[3]  In particular, Federal Defendants request:  all motions, journal entries, orders, hearing transcripts and other records filed with the County Courts in connection with, as applicable, the termination, dependency, and adoption proceedings of C.C., A.D., C.R., L.G., S., M., S., and J.  Those individuals are identified by court docket number and name and/or initial in Exhibit A to the Proposed Order (pending motion to file under seal).  Federal Defendants have conferred on several occasions with the relevant Arizona County Clerks' offices and understand that many of the records

---

[2] On February 29, 2016, Plaintiffs informed the Court that they intended to file an amended complaint that adds as named plaintiffs K.R. and P.R. (foster parent plaintiffs), and baby boy C.R. and baby girl L.G.  Rec. Doc. 149.  Despite the adoption of existing plaintiff baby boy C.C., Plaintiffs stated that they did not intend to remove him and his adoptive parents as named plaintiffs in this case.  *Id.*  Plaintiffs filed a motion for leave to file an amended complaint on March 2, 2016; the proposed amended complaint included all of the existing and proposed plaintiffs.  Rec. Doc. 150.

[3] The four putative class members are siblings whose dependency proceedings are consolidated.

requested could be downloaded from an electronic docket, and that the collection of documents would be similar to that routinely prepared for appellate courts.

Federal Defendants seek discovery of these court records to, among other things: evaluate whether ICWA applies to the proposed class representatives (including the newly identified proposed Plaintiffs); determine whether and how ICWA's jurisdiction transfer provision has been applied to the proposed class representatives; and understand the facts surrounding the parental rights terminations that occurred in the proposed class representatives' cases and the role that ICWA requirements played in those terminations. Rec. Doc. 33. Because Plaintiffs supported their motion for class certification with a declaration from two putative class members who represented that ICWA has harmed the four foster children in their care, discovery of those children's juvenile court records is also necessary. Access to such records is necessary, among other reasons, to evaluate whether there are questions of law or fact common to the class, whether the claims of the represented parties are typical of the claims of the class, and whether the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). Federal Defendants' request is narrowly tailored to seek only those records that are likely to contain information necessary to evaluate Plaintiffs' claims for class certification.

The requested juvenile records contain Arizona Department of Child Safety (DCS) information. State law sets forth the procedure governing the release of DCS information through the state's process:

> The department or a person who is not specifically authorized by this section to obtain DCS information may petition a judge of the superior court to order the department to release DCS information. The plaintiff shall provide notice to the county attorney and to the attorney and guardian ad litem for the child, who have standing and may participate in the action. The court shall review the requested records in camera and shall balance the rights of the parties who are entitled to confidentiality pursuant to this section against the rights of the parties who are seeking the release of the DCS information. The court may release otherwise confidential DCS information only if the rights of the parties seeking the

4

> DCS information and any benefits from releasing the DCS information
> outweigh the rights of the parties who are entitled to confidentiality and
> any harm that may result from releasing the DCS information. The court
> shall take reasonable steps to prevent any clearly unwarranted invasions of
> privacy and protect the privacy and dignity of victims of crime pursuant to
> article II, section 2.1, subsection C, Constitution of Arizona.

A.R.S. § 8-807.K.  However, the Federal Defendants seek these documents pursuant to an Order of this Court.  Because this is not a state court proceeding overseen by a state court judge, this Court does not have access to the records and thus this Court cannot review records prior to ordering their release consistent with A.R.S. § 8-807.K. Nonetheless, the intent of the provision is to balance the rights of the parties entitled to confidentiality against the rights of the party seeking release of the information.  This narrow discovery request and the terms of the Protective Order—negotiated and executed by all parties to the litigation and entered by the Court—fulfills the intent of the A.R.S. 8-807.K by appropriately balancing those interests.

Federal Defendants' request for discovery of juvenile court records is appropriately tailored to evaluate Plaintiffs' anticipated request for class certification.  It is related only to those individuals who have been specifically identified as Plaintiffs, proposed Plaintiffs or putative class members in this litigation.  In addition, under the Proposed Order, the requested information would be subject to the Protective Order entered in this case.  The Protective Order goes well beyond the protections of Fed. R. Civ. P. 5.2 in protecting the confidentiality of the Plaintiffs in the following ways:

> (1) By protecting the confidentiality of such information not only in the context of court filings but also by broadly prohibiting any public disclosure of protected personally identifying information;
>
> (2) By requiring that official records of state-court juvenile proceedings be filed under seal;
>
> (3) By expanding the categories of information about the minor Plaintiffs and minor putative class members that are protected by the Order beyond the

1    categories provided in Fed. R. Civ. P. 5.2(a) to include any individually

2    identifying information about all of the Plaintiffs; and

3    (4) By ensuring that disclosure of DCS information and juvenile court records is

4    generally limited to counsel in this action and parties do not obtain access to

5    records that they would not otherwise be entitled to under state and federal

6    law.

7  Accordingly, the Federal Defendants' litigation interest in the records is appropriately

8  balanced with the interests of the parties entitled to confidentiality through the important

9  restrictions on the access, use, and disclosure of the requested records that are contained

10 in the Protective Order entered by this Court.

11                                    **CONCLUSION**

12         For the above-stated reasons, the Parties request that the Court enter the

13 [Proposed] Order Authorizing the Release of Certain State Records filed with this

14 Motion.

15         RESPECTFULLY SUBMITTED this 3rd day of March, 2016.

16

17                                        JOHN C. CRUDEN
                                          Assistant Attorney General
18                                        s/_____
                                          Steve Miskinis
19                                        JoAnn Kintz
                                          Indian Resources Section
20                                        Christine Ennis
                                          Ragu-Jara Gregg
21                                        Law and Policy Section
22                                        U.S. Department of Justice
                                          Environment & Natural Resources Div.
23                                        P.O. Box 7611
24                                        Ben Franklin Station
25                                        Washington, D.C. 2044-7611
                                          Telephone: (202) 305-0262
26                                        Email: steven.miskinis@usdoj.gov
27                                        *Attorneys for Federal Defendant*

28

                                            6

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*Attorneys for Plaintiffs:*

Aditya Dynar
Scharf-Norton Center for Constitutional Litigation at the Goldwater Institute
500 East Coronado Road
Phoenix, AZ 85004

Michael W. Kirk
Brian W. Barnes
Harold S. Reeves
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036

*Attorneys for Defendant Gregory A. McKay*:

John S. Johnson
Gary N. Lento
Joshua R. Zimmerman
Dawn R. Williams
Melanie G. McBride
Office of the Attorney General
1275 West Washington Street
Phoenix, AZ 85007

*Attorney for Intervenor Defendant Navajo Nation:*

Katherine C. Belzowski
Navajo Nation Department of Justice
P.O. Box 2010
Window Rock, AZ 86515

*Attorneys for Movant Gila River Indian Community:*

Linus Everling
Thomas L. Murphy
Gila River Indian Community
Pima-Maricopa Tribe Law Office
P.O. Box 97
Sacaton, AZ 85247

Donald R. Pongrace
Merrill C. Godfrey
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036

*Attorneys for Amici National Indian Child Welfare Association, National Congress of American Indians, and Association on American Indian Affairs*:

Erin C. Dougherty
Matthew N. Newman
Native American Rights Fund
745 West Fourth Avenue, Suite 502
Anchorage, AK 99501

Paula M. Yost
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105

Samuel Kohn
Dentons US LLP
1301 K Street, NW, Suite 600, E Tower
Washington, D.C. 20005

Kathryn E. Fort
Michigan State University College of Law, Indigenous Law & Policy Center
648 North Shaw Lane
East Lansing, MI 48824

Samuel F. Daughety
Tohono O'odham Nation
Office of the Attorney General
P.O. Box 830
Sells, AZ 85634

*Attorneys for Amici Casey Family Programs, Annie E. Casey Foundation, Center for the Study of Social Policy, Child Welfare League of America, Children's Defense Fund, Donaldson Adoption Institute, First Focus Campaign for Children, Fosterclub, Generations United, National Center on Adoption and Permanency, North American Council on Adoptable Children, W. Haywood Burns Institute, and National Alliance of Children's Trust and Prevention Funds:*

Hyland Hunt
James E. Tysse
Pratik A. Shah
Z. W. Julius Chen
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, D.C. 20036

*Attorney for Amicus Citizens Equal Rights Foundation:*

Michael Kielsky
Kielsky Rike PLC
4635 South Lakeshore Drive
Tempe, AZ 85282

s/_____
Steve Miskinis
Indian Resources Section
U.S. Department of Justice
Environment & Natural Resources Div.
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 2044-7611
Telephone: (202) 305-0262
Email: steven.miskinis@usdoj.gov
*Attorneys for Federal Defendants*