IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Coghlan Carter, et al., | No. CV-15-01259-PHX-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin Washburn, et al., | |
| Defendants. | |

Before the Court is Federal Defendants' Motion to Enter an Order Authorizing the Release of Certain State Records (Doc. 152).

Plaintiffs do not oppose the Motion but request that Plaintiffs' counsel be included as recipients of the records requested. (Doc. 154.) State Defendant does not oppose the Motion to the extent that it seeks state court records directly from the Arizona State Court(s) and the confidentiality of the information sought is protected as required by federal and state laws. (Doc. 165.) State Defendant proposes that the Court include in its Order permission for the Arizona Department of Child Safety to redact all Personally Identifying Information and Protected Confidential Information, as those terms are defined in the Protective Order (Doc. 133), of all non-parties named in the juvenile court records prior to disclosure to Federal Defendants and/or Plaintiffs. (Doc. 165.) In reply, Federal Defendants assert that the Protective Order (Doc. 133) already provides adequate protection for the privacy of non-parties and does not define "Protected Confidential Information." (Doc. 170.) The Federal Defendants also voice concern that permitting

redaction without imposing a time limit could prejudice Federal Defendants in class certification briefing. (*Id.*)

The parties' stipulated Protective Order requires that all Protected Confidential Documents and Personally Identifying Information be treated and maintained in a manner that precludes access by any person or entity not entitled to access under the Order. (Doc. 133 at 6.) It identifies nine categories of persons and entities that may obtain access under specified conditions. It prohibits sharing Protected Confidential Documents "and the information contained within" and Personally Identifying Information except when certain conditions are met.

The Protective Order defines "Protected Parties" as including any named minor child plaintiff in this action and their family, any minor child who may become a member of a plaintiff class in this action and their family, and foster or adoptive families who are or may become a member of a plaintiff class in this action. (*Id.* at 2.) It defines "Personally Identifying Information" as names, addresses, and other information for Protected Parties. (*Id.* at 3.) The Protective Order defines "Protected Confidential Documents" to include, among other things, court records of juvenile court proceedings, "including all such records concerning proceedings related to dependency, foster care placement, termination of parental rights, guardianship, or preadoptive or adoptive placements." (*Id.*) "Protected Confidential Documents" also includes documents generated by or provided to the Arizona Department of Child Safety and information gathered by the Arizona Department of Child Safety. (*Id.*)

But the term "Protected Confidential Documents" is limited to the records and information of Protected Parties. Thus, the Protective Order adequately protects Personally Identifying Information and Protected Confidential Documents with respect to those encompassed by the term "Protected Parties," but it does not guarantee compliance with federal and state privacy statutes with respect to those outside the definition of "Protected Parties."

1 Therefore, to ensure compliance with federal and state privacy statutes for those who are not parties to this action and may not be adequately protected by the Protective Order, the Court will require the State Defendant to redact only Personally Identifying Information of non-parties from the juvenile court records produced pursuant to this Order, as the term "Personally Identifying Information" is defined by paragraph 5 of the Protective Order but applied to non-parties.

IT IS THEREFORE ORDERED that, within 30 days of service of this Order by the State Defendants, the Court Clerk of the Superior Court, Juvenile Court Center, in Maricopa County, Arizona, and Court Clerk of the Superior Court, Juvenile Court Center, in Yavapai County, Arizona, will produce copies of the following juvenile court records: all motions, journal entries, orders, hearing transcripts, and other records filed with the Superior Courts in connection with, as applicable, the termination, dependency, and adoption proceedings of C.C., A.D., C.R., and L.G. (minor plaintiffs), and S., M., S., and J. (putative minor class members).  These individuals are identified by their court docket number and name or initials in [SEALED] Exhibit A to this Order.  Copies of the requested documents should be directed to the attention of Gary L. Lento, Senior Litigation Counsel, Arizona Attorney General's Office, Child and Family Protection Department, 1275 West Washington Street, Phoenix, Arizona 85007.

IT IS FURTHER ORDERED that the Arizona Department of Child Safety, through its Counsel at the Arizona Attorney General's Office, will redact only Personally Identifying Information of non-parties from the juvenile court records produced pursuant to this Order, as the term "Personally Identifying Information" is defined by paragraph 5 of the Protective Order (Doc. 133) but applied to non-parties.

IT IS FURTHER ORDERED that the Arizona Department of Child Safety, through its Counsel at the Arizona Attorney General's Office, shall provide copies of the requested documents, after redaction as allowed herein, to all Parties to this matter within 14 calendar days of its receipt of the records from the Arizona state court or as otherwise agreed by the parties or ordered by the Court.

1   IT IS FURTHER ORDERED that the production, use and disclosure of these
2 juvenile court records shall be subject to the terms and conditions of the Protective Order
3 (Doc. 133) entered in this action.
4   IT IS FURTHER ORDERED that the Arizona Department of Child Safety shall
5 provide a notice of this Order to the attorneys and guardians ad litem that represent C.C.,
6 A.D., C.R., L.G., S., M., S., J. in the juvenile court proceedings.
7   Dated this 6th day of April, 2016.

_____
Neil V. Wake
United States District Judge