**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Coghlan Carter, et al., | No. CV-15-01259-PHX-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| Kevin Washburn, et al., | |
| Defendants | |

Before the Court is the Gila River Indian Community's Motion to Expedite Ruling on Its Motion to Intervene as Defendant. (Doc. 180.)

This is an action originally brought by two sets of plaintiffs, each set consisting of an Indian child and two non-Indian foster parents seeking to adopt the child. The action challenges provisions of the Indian Child Welfare Act concerning such children. It is a putative class action on behalf of others similarly situated. The litigation is of great magnitude and of equal importance.

Both State and Federal Defendants filed substantial motions to dismiss challenging the action on grounds of lack of injury, lack of standing, lack of ripeness, abstention, and failure to state a claim upon which relief can be granted. Amicus curiae briefs have been freely allowed. The Gila River Indian Community filed a motion to intervene with a proposed motion to dismiss that itself challenges the Plaintiffs' standing. (Doc. 47, 48.) The Navajo Nation also moved to intervene. (Doc. 81.)

1    At oral argument on all pending motions on December 18, 2015, ten days after the briefing was completed, the Court considered all briefs, including the Intervener-Applicants' proposed briefs. The Intervener-Applicants were invited to participate in the oral argument, and the Indian Community declined. But counsel for Plaintiffs stated that one of the adoptions had gone through, suggesting possible mootness as to that set of Plaintiffs. Counsel also stated that they were working to add specific new plaintiffs.

The Court concluded that all the pending motions needed to be resolved together and after the addition of any new plaintiffs. That is especially so for the motions to intervene because who the parties are very much affects intervention, and doubly so when justiciability is widely challenged based on the circumstances of plaintiffs.

When the Plaintiffs had not filed a motion to amend their Complaint to add those additional plaintiffs by February 22, 2016, the Court ordered them to say whether and when they planned to do so. (Doc. 145.) On March 2, 2016, Plaintiffs filed a motion to amend to add another set of plaintiffs. (Doc. 150.) That motion was granted as soon as the briefing on the motion was complete. (Doc. 142.) The briefing is not yet complete on the ensuing motions to dismiss the Amended Complaint.

The Gila River Indian Community asks for an expedited ruling on its Motion to Intervene. It also attaches to its motion a proposed Motion to Dismiss First Amended Complaint. (Doc. 180-1.) The Motion for Accelerated Ruling will be denied.

First, the Indian Community has no good explanation why the Court must preview the reach and issues of the case by ruling on a motion to intervene before canvassing the reach and issues of the case on all the motions to dismiss. The Indian Communities' brief on those motions will be considered, just as its previous brief was considered. The Indian Community demands major inefficiency and waste by the Court.

Second, the Indian Community is quite mistaken when it says it is being prejudiced by the Court's orderly management of this case and of their motion. The Indian Community has not been denied any participation in the case, as its proposed pleadings in intervention—their proposed motions to dismiss—have been and will be

considered in ruling on all the motions to dismiss. They will not be behind anyone in the disposition of their motion to dismiss if intervention is granted, and they will have the full benefit of their briefing even if intervention is denied. Due to the pendency of motions to dismiss, this Court has not done and cannot yet do anything affecting anyone's interests. Nothing of substance has happened in this case that the Indian Community could have missed out on.

As for participating in discovery, no party yet has the right to demand discovery because the parties have not yet had the planning conference under Rule 26(f), Federal Rules of Civil Procedure. *See* Rule 26(d)(1). The discovery that has gone on has to be by consent of the parties. The Indian Community does not say whether it sought consent from the parties to seek discovery, whether it sought consent and was refused, or even what discovery it would seek and why it needs the discovery before a ruling on all the pending motions to dismiss.

The Indian Community respectfully requests the Court to rule on its Motion to Intervene by June 1, 2016. (Doc. 180 at 2, 5.) That is one day after briefing is due to be completed on the pending motions to dismiss. That is impossible, but the Indian Community need not fear any prejudice while the Court devotes to the pending motions the considerable effort that they require, none ahead of any other.

IT IS THEREFORE ORDERED that the Gila River Indian Community's Motion to Expedite Ruling on Its Motion to Intervene as Defendant (Doc. 180) is denied.

Dated: May 13, 2016.

Neil V. Wake
United States District Judge