1   <u>Mark Brnovich</u> (Firm State Bar No. 14000)
        ARIZONA ATTORNEY GENERAL
2   <u>Dawn R. Williams</u> (020730)
        Appeals Unit Chief Counsel
3   <u>Gary N. Lento</u> (028749)
    <u>Melanie G. McBride</u> (023348)
4   <u>Joshua R. Zimmerman</u> (025876)
        Senior Litigation Counsel
5       OFFICE OF THE ATTORNEY GENERAL
        1275 West Washington
6       Phoenix, Arizona 85007-2997
        Telephone: (602) 542-9948
7       Fax: (602) 364-0055
        Dawn.Williams@azag.gov
8       Gary.Lento@azag.gov
        Melanie.McBride@azag.gov
9       Joshua.Zimmerman@azag.gov

10  *Attorneys for GREGORY McKAY in his Official Capacity as Director of the Arizona
    Department of Child Safety*
11

12                 **UNITED STATES DISTRICT COURT**

13                       **DISTRICT OF ARIZONA**

14  A.D., C.C., L.G. and C.R., by CAROL          No. 2:15-cv-01259-PHX-NVW
15  COUGHLIN CARTER and DR. RONALD
    FEDERICI, their next friends; et al.,
16                                                **STATE DEFENDANT'S <u>REPLY</u>**
                                                  **TO PLAINTIFFS' COMBINED**
17                    Plaintiffs,                 **RESPONSE TO STATE AND**
                                                  **FEDERAL DEFENDANTS'**
18  v.                                            **MOTIONS TO DISMISS**
                                                  **PLAINTIFFS' FIRST AMENDED**
19  KEVIN WASHBURN, in his official capacity as   **CIVIL RIGHTS COMPLAINT**
20  Assistant Secretary of BUREAU OF INDIAN       **FOR DECLARATORY,**
    AFFAIRS; et al.,                              **INJUNCTIVE, AND OTHER**
21                                                **RELIEF**
                      Defendants.
22
                                                  (Honorable Neil V. Wake)
23

24

25

26

27

28

# TABLE OF CONTENTS

I.    BRIEF INTRODUCTION .............................................................................. 1

II.   LAW AND ARGUMENT ............................................................................. 2

      A.    All Plaintiffs Lack Standing ............................................................ 2

      B.    The FAC Fails to State A Claim Against State Defendant ............... 3

            1. Counts 1 and 2 Should be Dismissed as Against State Defendant
               Because the Fifth Amendment Does Not Apply to State Action .. 3

            2.  Counts 4, 5, and 6 Should be Dismissed As Against State
                Defendant Because They Challenge Federal Power .................... 4

                a. Counts 4 and 6 ............................................................... 4

                b. Count 5 .......................................................................... 5

            3.  Counts 3 and 7 Should be Dismissed with Prejudice Because
                the ICWA is Not a Race-Based Statute ..................................... 5

      C.    The Court Should Abstain From and Dismiss the FAC .................... 7

III.  CONCLUSION ............................................................................................ 8

i

1    Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, State

2  Defendant GREGORY MCKAY, in his official capacity as the Director of the Arizona

3  Department of Child Services ("State Defendant"), respectfully submits the following

4  Reply to Plaintiffs' *Combined Response to State and Federal Defendants' Motions to*

5  *Dismiss* ("Combined Response").

6                                         **I**

7                          **BRIEF INTRODUCTION**

8    Plaintiffs' entire Combined Response is based on the unsupported position that

9  the Indian Child Welfare Act of 1978 ("ICWA") is a race-based law.  It is not, and as

10  detailed below, and in Docs. 68, 70, 96, 101, 178, and 179, this assertion is directly

11  contradicted by binding Supreme Court and Ninth Circuit Court precedent.  Noticeably

12  absent is the citation to any legal authority which holds the ICWA to be a race-based

13  law.  Accordingly, Counts 3 and 7, which are based on claims of injury related to

14  unequal treatment and civil rights violations based on race, must be dismissed.

15    Further, Counts 1 and 2 allege violations of the Fifth Amendment which does not

16  apply to state action.  Accordingly those counts must be dismissed as against State

17  Defendant.  Lastly, the remaining counts 4, 5, and 6, challenge federal power and must

18  be dismissed as against State Defendant.  That is especially true considering that

19  Plaintiffs acknowledge that the State Defendant is compelled to follow the ICWA.  FAC,

20  ¶ 133 p. 31:2-3 ("ICWA impermissibly commandeers state courts and state agencies

21  [such as State Defendant] to apply, enforce, and implement … federal law").

22    In short, Plaintiffs have failed to articulate a single legally cognizable claim

23  against State Defendant; therefore, the entire FAC, as against State Defendant, should be

24  dismissed with prejudice.

25  ///

26  ///

27  ///

28  ///

1

## II

## LAW AND ARGUMENT

**A.     ALL PLAINTIFFS LACK STANDING**

As has been shown by Defendants in previous briefing, Plaintiffs have failed to establish constitutional standing to pursue this matter.[1]  Plaintiffs have yet to suffer any harm under ICWA, their claims are not ripe, the foster parents do not have a protected liberty interest, and Plaintiffs' alleged injuries are speculative at best.

Plaintiffs' entire argument is predicated on the alleged injury of "unequal treatment."  Combined Response, p. 1:18-19 ("The injury [the Plaintiffs] assert is *unequal treatment*." (italics in original)).  The alleged "unequal treatment" is argued to be "Race-Based Differential Treatment" of the ICWA based on Indian heritage.  *See, e.g.,* Combined Response, pp. 2:1-2, 3:2-3, 4:26-27, 5:27, 7:1-2, 7:14-16, 8:19-20, and Section III.

Plaintiffs spend the majority of the Combined Response arguing as if ICWA has been found to be a raced-based law and that they have been treated differently because of their race.  Absent, however, is any legal authority supporting Plaintiffs' argument.  Plaintiffs merely state it, skip citation to legal support, and then argue as if it is legally established.  But, as is shown in the Motions to Dismiss (which cite other briefing), numerous legal precedent holds that the ICWA is not a race-based statute.  Accordingly, Plaintiffs have not suffered constitutionally unequal treatment and, therefore, lack standing.

The lack of standing is fatal to Plaintiffs' FAC.  The Ninth Circuit and the U.S. Supreme Court have clearly held that when, as here, the named plaintiff(s) in a class action lack(s) standing, the class action cannot go forward with a substitute representative because the court never had jurisdiction.  *See, Lierboe v. State Farm Mut.*

---

[1] *See, e.g.,* Doc. 68 at pp. 6-16, Doc. 70 at pp. 24-27, Doc. 96 at pp. 1-6, Doc. 101 at pp. 3-9, Doc. 178 at pp. 3-14, and Doc. 179 at pp. 6-9.

1    *Auto. Ins. Co.*, 350 F.3d 1018, 1022-23 (9th Cir. 2003) (citing *O'Shea v. Littleton,* 414

2    U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).

3    **B.      THE FAC FAILS TO STATE A CLAIM AGAINST STATE DEFENDANT**

4            **1.      Counts 1 and 2 Should be Dismissed as Against State Defendant
                     Because the Fifth Amendment Does Not Apply to State Action**

5

6            Counts 1 and 2 are both brought under the Equal Protection and Due Process

7    clauses of the Fifth Amendment to the U.S. Constitution.  [Doc. 173, pp. 26-29, ¶¶ 110-

8    122.]

9            As shown in State Defendant's Motion to Dismiss FAC, [Doc. 179, Section

10   D(1)(a)], the claims brought by Plaintiffs under the Fifth Amendment do not apply to

11   states and, therefore, cannot support legally cognizable claims against State Defendant.

12   As the Ninth Circuit has held "[t]he Due Process clause of the Fifth Amendment and the

13   Equal Protection component thereof apply only to actions of the federal government —

14   not to those of state or local governments."  *See, e.g., Peoples v. Schwarzenegger*, 402

15   Fed. Appx. 204, 205 (9th Cir. 2010); *see also Bingue v. Prunchak,* 512 F.3d 1169, 1174

16   (9th Cir. 2008); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

17           In the Combined Response, Plaintiffs do not address the legal authority cited by

18   State Defendant establishing the inappropriateness of a Fifth Amendment claim against a

19   state.  Instead, Plaintiffs appear to argue that there is no distinction between the Fifth and

20   Fourteenth Amendments.  *See* Combined Response, p. 18:10-12.  Based on Plaintiffs co-

21   mingling of these Amendments, Plaintiffs argue that "State Defendants [sic] are proper

22   defendants [sic] in [this] case . . . ."  Combined Response, p. 18:3-4.

23           As purported support for this claim, Plaintiffs cite the following from *McDonald*

24   *v. Chicago*, 561 U.S. 742, 765 (2010):

25                   [the] incorporated Bill of Rights protections 'are all to be
                     enforced against the States under *the Fourteenth Amendment*
26                   according to the same standards that protect those personal
                     rights against federal encroachment'. (citation omitted)
27

28   S*ee* Combined Response, p. 18:12-15. (italics added).

                                              3

But, *McDonald* does not support Plaintiffs' assertion that there is no distinction between the Fifth and Fourteenth Amendments.  In fact, *McDonald* establishes that the proper amendment under which to bring a claim against a state defendant is the Fourteenth Amendment, not the Fifth Amendment.  Specifically, *McDonald* holds that Bill of Rights claims are "enforced against the States under the *Fourteenth Amendment . . . .*" (italics added).  *McDonald*, 561 U.S. at p. 765 (citations omitted); *see also, Peoples v. Schwarzenegger*, 402 Fed. Appx. 204, 205 (9th Cir. 2010) ("the Fifth Amendment and the Equal Protection component thereof apply only to actions of the federal government—not to those of [the] state").

Accordingly, Counts 1 and 2 must be dismissed with prejudice as against State Defendant.

**2.  <u>Counts 4, 5, and 6 Should be Dismissed as Against State Defendant Because They Challenge Federal Power</u>**

**a.  <u>Counts 4 and 6</u>**

Count 4 alleges that "ICWA exceeds the federal government's power . . . ."  FAC, ¶ 132, p. 30:13.  Similarly, Count 6, entitled "Unlawful *Agency* Action," (italics added), challenges federal power.  Specifically, Plaintiffs' allege that the "BIA overstepped its authority . . . in the New Guidelines . . . ."  FAC, ¶145, p. 32:25.  There are no allegations in Count 4 or Count 6 alleging any conduct on behalf of the State Defendant.

Where no allegations have been made in a complaint against a named defendant, the complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires Plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  In short, Plaintiffs do not plead allegations upon which to support Counts 4 and 6 as against State Defendant.

Further, Plaintiffs do not address State Defendant's request to have Counts 4 and 6 dismissed.  Instead, Plaintiffs merely argue that the State Defendant "is working in concert with the Federal Defendants to violate the Constitution."  Combined Response, p. 18:18-19.  But, Plaintiffs admit that federal law controls.  Specifically, Plaintiffs plead

that "ICWA impermissibly commandeers state courts and state agencies [such as State Defendant] to apply, enforce, and implement . . . federal law." FAC, ¶ 133 p. 31:2-3.

Accordingly, Counts 4 and 6 should be dismissed with prejudice as against State Defendant.

### b.   Count 5

Count 5 alleges a "Violation of Associational Freedoms Under the First Amendment." FAC, ¶¶ 136-141. Plaintiffs do not address State Defendant's motion to dismiss this count as against State Defendant. The entirety of Plaintiffs' argument is addressed to the Federal Defendant. *See* Combined Response, Section IV, pp. 14:4-17:4. That is most probably based on the fact that Count 5 is directed to the Federal Defendant. *See* Combined Response, p. 16:12 ("ICWA . . . compels association."). The State Defendant does not compel association and the allegations in the FAC do not implicate any state infringement on the First Amendment.

Accordingly, this Count should be dismissed with prejudice as against State Defendant.

### 3.   Counts 3 and 7 Should be Dismissed with Prejudice Because the ICWA is Not a Race-Based Statute

Count 3 alleges a "Violation of the Substantive Due Process and Equal Protection Clauses of the Fourteenth Amendment." FAC, ¶¶ 123-130. Count 7 seeks "Damages Under Title VI of the Civil Rights Act (42 U.S.C., §§ 2000d – 2000d-7)." FAC, ¶¶ 147-150. Both Counts are based on the unsupported conclusion that State Defendant's compliance with federal laws subjects the Plaintiffs to racial discrimination.

Plaintiffs provide no legal support for their argument that ICWA is a race-based statute. Instead, Plaintiffs merely argue that race-based laws are violative of the Constitution. Failing to find legal support for this position, Plaintiffs cite to inapposite holdings, it is assumed, in an attempt to distract this Court from the lack of any legal support.

1       Plaintiffs mislead this Court by stating that "ICWA's 'explicit tie to race,' . . .

2  cannot be overcome . . . ." Combined Response, p. 11:4-5 (citing *Rice v. Cayetano*, 528

3  U.S. 495 (2000)). But, *Rice* does not concern ICWA, let alone hold that it is tied to race.

4  Instead *Rice* concerns a Hawaiian law limiting the right to vote only to those persons

5  who are considered Native Hawaiians. Therefore, the issues and holding in *Rice* are not

6  relevant to the issues in this case.

7       The same is true for Plaintiffs' citation to *Kahawaiolaa v. Norton*, 386 F. 3d

8  1271, 1279 (9th Cir. 2004). Combined Response, p. 13:28. *Kahawaiolaa* does not

9  concern ICWA and supports State Defendant's position. The Ninth Circuit holding in

10  *Kahawaiolaa*, as well as the Supreme Court holding in *Rice*, support the fact that the

11  legal designation of Indian is a political designation rather than racial designation.

12  Specifically, *Kahawaiolaa* holds that "[i]n fact, *Rice* explicitly reaffirmed and

13  distinguished the political, rather than racial, treatment of Indian tribes as explained in

14  *Mancari*[2]." *Kahawaiolaa*, 386 F. 3d at 1279.

15       In a futile attempt to distinguish this case from the holding in *Mancari*, Plaintiffs

16  boldly claim that "*Mancari* and its progeny are inapplicable here." Combined

17  Response, Section III(B). In an effort to support this claim, Plaintiffs creatively argue

18  the holdings of inapposite cases and quotes from dicta. Regardless, none of the cited

19  legal authority supports Plaintiffs' assertion that the ICWA is "race-based."

20       Although unclear, Plaintiffs appear to argue that "[t]he Ninth Circuit has

21  expressly rejected [*Mancari*]," citing *Malabed v. North Slope Borough*, 335 F.3d 864,

22  868 n.5 (9th Cir. 2003) as support. Combined Response, p. 13:19-20. If so, *Malabed*

23  does no such thing. In fact, *Malabed* reinforces *Mancari*'s holding that Congress is

24  empowered by the Constitution to pass laws like the ICWA. Specifically, *Malabed*

25  finds that "*Mancari* held only that when Congress acts to fulfill its unique trust

26  responsibilities toward Indian tribes*, such legislation is not based on a suspect*

27

28

---

[2] Referring to *Morton v. Mancari*, 417 U.S. 535 (1974).

1   *classification*."  *Malabed,* 335 F.3d at 868 n. 5 (emphasis added).  Accordingly,

2   *Malabed* is unsupportive of Plaintiffs' position.

3       Plaintiffs further argue that "[w]ere *Mancari* that broad, the Supreme Court

4   would not have said . . . that using ICWA 'to override . . . the child's best interests . . .

5   solely because an ancestor – even a remote one – was an Indian' 'would raise equal

6   protection concerns.'"  Combined Response, p. 13:21-24, citing *Adoptive Couple v.*

7   *Baby Girl*, 133 S. Ct. 2552, 2565 (2013).  Noticeably absent is any citation to an actual

8   holding of the Court.  Instead, Plaintiffs use slight of hand to imply that the referenced

9   dicta constitutes the legal holding.

10      Regardless, Plaintiffs' argument and selective citation do not support their

11  position.  As explained in previous motions[3], the *Adoptive Couple* decision was not

12  based on the Constitution and, aside from the fact that it also concerned ICWA, it has

13  little bearing on the present matter.  Plaintiffs attempt to seize upon a hypothetical that

14  the Court in *Adoptive Couple* offered in dicta, musing that under some hypothetical

15  situation, ICWA might raise equal protection concerns if ICWA permitted a father who

16  had abandoned the child before birth to override that decision at the last minute –

17  circumstances that do not exist in this matter.  *See Adoptive Couple,* 133 S. Ct. at 2565.

18  The Supreme Court could have ruled ICWA unconstitutional in *Adoptive Couple*.  It

19  chose not to do so.

20      Accordingly, Counts 3 and 7 should be dismissed with prejudice as against the

21  State Defendant.

22  **C.   THE COURT SHOULD ABSTAIN FROM AND DISMISS THE FAC**

23      Plaintiffs argue that "[a]bstention is inapplicable."  Combined Response, p. 17:7.

24  As shown in State Defendant's Motion to Dismiss (and previously filed motions)[4],

25  abstention is appropriate where, as here, "[t]he breadth of a challenge to a complex state

26  ─────────────────

27  [3] *See, e.g.,* Doc. 106, at pp. 8-9, n. 11.

28  [4] *See* State Defendant's Motion to Dismiss FAC, Section V(A), and the citations
    referenced therein.

1  statutory scheme has traditionally militated in favor of abstention, not against it."

2  *Moore v. Sims*, 442 U.S. 415, 427 (1979).

3  Here, Plaintiffs seek injunctive relief which would, if granted, substantially

4  interfere in state juvenile court proceedings.  Further, those state court proceedings

5  concern a critical interest of the State of Arizona, i.e., child dependency maters.

6  Therefore, pursuant to *Younger v. Harris*, 40 U.S. 37 (1971), the Court should abstain

7  from and dismiss the FAC.

8                                        **III**

9                                  **CONCLUSION**

10  For the reasons shown above, as well as in the previously filed Motions cited

11  herein, this Court should abstain and dismiss Plaintiffs' First Amended Complaint in its

12  entirety and with prejudice as against State Defendant, Gregory McKay, in his Official

13  Capacity as Director of the Arizona Department of Child Safety.

14  **RESPECTFULLY SUBMITTED** this 20th day of May, 2016.

15                          **MARK BRNOVICH**
16                          **Arizona Attorney General**

17                          s/ Gary N. Lento
18                          **Dawn R. Williams**
                            **Gary N. Lento**
19                          **Melanie G. McBride**
                            **Joshua R. Zimmerman**
20                          ARIZONA ATTORNEY GENERAL
                            1275 West Washington Street
21                          Phoenix, Arizona  85007-2926
                            *Attorneys for GREGORY MCKAY, in his*
22                          *Official Capacity as Director of the Arizona*
                            *Department of Child Safety*

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2016, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of an Electronic Filing to the following CM/ECF registrants:

Aditya Dynar (031583)
GOLDWATER INSTITUTE
500 East Coronado Road
Phoenix, AZ 85004
Telephone:  (602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for PLAINTIFFS*

Michael W. Kirk *(admitted pro hac vice)*
Brian W. Barnes *(admitted pro hac vice)*
Harold S. Reeves *(admitted pro hac vice)*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D. C. 20036
Telephone:  (202) 220-9600
Fax:  (202) 220-9601
mkirk@cooperkirk.com

*Attorneys for PLAINTIFFS*

John C. Cruden
Steve Miskinis
Ragu-Jara Gregg
UNITED STATES DEPARTMENT OF JUSTICE
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Telephone:  (202) 305-0262
Steven.Miskinis@usdoj.gov

*Attorneys for FEDERAL DEFENDANTS*

**MARK BRNOVICH**
**Arizona Attorney General**

s/ Gary N. Lento
**Dawn R. Williams**
**Gary N. Lento**
**Melanie G. McBride**
**Joshua R. Zimmerman**
*Attorneys for Defendant GREGORY A. McKAY,*
*in his Official Capacity as Director of the*
*Arizona Department of Child Safety*