*Ethel Branch, Attorney General*
*The Navajo Nation*

**Katherine Belzowski, Attorney**
*NAVAJO NATION DEPARTMENT OF JUSTICE*
Post Office Box 2010
Window Rock, Navajo Nation (AZ) 86515
Phone: (928) 871-6937
Fax: (928) 871-6177

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| A.D. and C. by Carol Coghlan Carter, their next friend S.H. and J.H. a married couple; M.C. and K.C. a married couple; for themselves and on behalf of a class of similarly-situated individuals,<br><br>     Plaintiffs,<br><br> v.<br><br>Kevin Washburn, in his official capacity as Assistant Secretary of Bureau of Indian Affairs; Sally Jewell, in official capacity as Secretary of Interior, U.S. Department of the Interior; Gregory A. McKay, in his official capacity as Director of the Arizona Department of Child Safety,<br><br>     Defendants. | No. 2:15CV-01259-PHX-NVW<br><br>**NAVAJO NATION'S REPLY TO PLAINTIFF'S RESPONSE TO THE NATION'S AMENDED MOTION TO DISMISS** |

   The Navajo Nation replies to Plaintiff's Response to Navajo Nation's Amended Motion to Dismiss. Doc. 232.

### MEMORANDUM OF POINTS AND AUTHORITIES

   **I.  There is no distinction between the definition of "Indian Child" under ICWA and Nation's requirements for citizenship.**

   In their Response, Plaintiffs attempt to argue the issue of Navajo citizenship requirements is not an issue before this Court. Doc. No. 232 at 2. However, Plaintiffs argument ignores the

plain language of the Indian Child Welfare Act ("ICWA"). ICWA defines "Indian Child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). ICWA itself does not impose any requirements or provide any definition for membership in an Indian tribe. Additionally, there is no federal law which dictates the requirements or controls the limits on tribal membership generally or for the purposes of ICWA. ICWA is completely deferential to tribal definitions of membership.

The only way to determine if a child is eligible for tribal membership under ICWA, is to refer to the tribe in question's definition of membership. This fact is illustrated by Plaintiffs' Amended Complaint which cites directly to tribal laws to support its conclusion that "ICWA's definition of 'Indian child' is based solely on the child's race or ancestry." Doc No. 150 at ¶ 60. Plaintiffs do not cite to federal or state laws which define tribal membership, only to tribal laws.[1] Therefore, there is no distinction between tribal citizenship and "Indian child" under ICWA. A child cannot be an "Indian child" under ICWA if it does not meet the tribal citizenship requirements.

Since ICWA's definition of Indian child is 100% reliant on tribal membership requirements, the Court must look at tribal membership requirements and how they work together. Plaintiffs attempt to negate the Nation's citizenship process as "being beside the point." Doc. No. 232 at 12. However this process is central to Plaintiffs' entire claim. In their Amended Complaint Plaintiff's state that "most Indian tribes have only blood quantum or lineage requirements as prerequisites for membership….Consequently, ICWA's definition of "Indian

---

[1] While Plaintiffs are not directly challenging the provisions in the Navajo Nation Code ("Code"), they are using the Code to attack the definition of "Indian Child" in ICWA. In doing so Plaintiffs acknowledge they cannot challenge ICWA without characterizing the Nation's citizenship requirements as based solely on race.

child" is based solely on the child's race or ancestry." Doc. No. 150 at ¶ 60. Plaintiffs entire Complaint is premised on the idea that the only prerequisite for tribal membership is blood or lineage ergo the definition of "Indian child" is based solely the child's race.[2] Plaintiffs have placed the Nation's citizenship requirements at issue in this case (See Doc. No. 150 at ¶ 60) and the Nation has a right to not only defend these requirements but also explain its citizenship process in which these requirements operate. Plaintiffs cannot cherry pick certain provisions of the Nation's citizenship code and then claim the other provisions are not relevant. Just as with any statute the Nation's Code is meant to be read in its entirety. The Court is required to review the Nation's citizenship requirements prior to its conclusion that federal and state law meet constitutional standards.

## II. The plain language of ICWA does not include a racial component.

Even if the Court does not feel it necessary to look at the Nation's definition of citizenship, the ICWA on its face does not adopt a biological aspect in its definition of "Indian child." Unlike the statute at issue in *Rice v. Cayetano*, 528 U.S. 495 (2000), the ICWA does not include a racial definition. The statute in *Rice* defined Hawaiian as "any descendant of the aboriginal peoples inhabiting the Hawaiian Islands." *Rice*, at 509. The Supreme Court held that this language in the statue used ancestry as a proxy for race. *Rice*, at 514. However, no such language exists in the ICWA.

---

[2] Now that the Nation has put forward its citizenships requirements in its Motion to Dismiss, Plaintiffs attempt to backtrack from their original position and say the fact that blood quantum or lineage is not the sole basis for citizenship in the Nation does not mean the ICWA's treatment of Indian children is not a racial classification. Doc. No. 232 at 12. This is a completely different position then Plaintiffs asserted in their Amended Complaint. See Doc. No. 150 at ¶ 60 ("Most Indian tribes have *only* blood quantum or lineage requirements as prerequisites for membership.").

Under the ICWA the definition of "Indian child" only applies to individuals who are members or eligible for tribal membership. *See* 25 U.S.C. § 1903(4). This definition is consistent with the federal government's position that tribal membership remains a matter of tribal self-governance, and should be determined by the tribes, as sovereign nations. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55 (1978). It is consistent with the Supreme Court's holding in *Morton v. Mancari*, 417 U.S. 535 (1974), which upheld a federal provision giving employment preference to persons of tribal ancestry based on their membership in sovereign tribal entities. *See Morton* at 554. It is also consistent with the findings in *Rice* that retained tribal authority relates to mattes of self-governance. *See Rice*, at 518. Congress's deference to tribes to define their membership as a practice of their right to self-governance stems from tribes' retained elements of sovereign authority. Therefore if the Court only looks at the plain language of the statute itself, there is no race-based classification in ICWA. Since the plain language does not include a racial component, it does not violate the equal protection clause of the Constitution.

Plaintiffs also attempt to equate the Nation's citizenship requirements with the situation of Native Hawaiians in *Rice*. However, what distinguishes the Nation's situation from the Native Hawaiians is that the Nation, through its treaties and government to government relationship with the United States, maintains the authority in matters of self-government, such as defining its citizenship. Therefore the Nation in defining its citizenship requirements is doing so as an exercise of its sovereign authority. The Nation's citizenship requirements do not define a racial class but a political group.

### III.  Eligibility for Tribal Membership under the ICWA does not change the fact Tribal Membership is a political class.

In an effort to distance themselves from the Nation's citizenship requirements, Plaintiffs claim, for the first time, in their Response that the reason the tribal membership process is not

4

relevant is because the ICWA is triggered by the *eligibility* for membership, not by tribal membership itself. Doc. No. 232 at 12. However, this is a false distinction. A minor child would only be eligible for membership if he or she met the Nation's citizenship requirements. Under the ICWA eligibility for membership requires a child to meet the tribe's membership requirements plus be a biological child of a member. Under the Navajo Nation's citizenship laws a minor child is eligible for citizenship in the Navajo Nation if his or her parent was a citizen of the Navajo Nation and the child possess one-fourth degree of Navajo blood. *See* 1 N.N.C. § 701(3). In addition, the child cannot be a citizen of another Tribe, as dual-citizenship is not allowed on the Navajo Nation. *See* 1 N.N.C. § 703. If the child's parent is not a citizen of the Navajo Nation, then the child must obtain approval through the procedures detailed in the Nation's Motion to Dismiss. Doc. No. 199 at 2.[3] Similar to the requirements of the ICWA the Nation emphasizes the need for a parent to be a citizen of the Nation in order to maintain this political connection between its citizens and the children of its citizens.

All of this is to refute Plaintiffs' baseless allegation in their Amended Complaint that the only requirement to be a citizen in the Navajo Nation is blood quantum. See Doc. No. 150 at 15. Even with the new distinction Plaintiffs now attempt to argue in their Response, between tribal membership and eligibility for tribal membership, the Nation's position remains the same.

### IV. "Indian child" status under ICWA meets the constitutional standards of equal protection and due process.

---

[3] Contrary to Plaintiffs' statements, in their Response (*See* Doc. No. 232 at 12, ft. 11), the Enrollment Screening Committee of the Navajo Nation who reviews application of individuals who parents are not Navajo Nation citizens, is not required to base its recommendation for citizenship solely on an individual's degree of Navajo blood. The Screening Committee is required to base its recommendations on the degree of Navajo blood as well as, how long the individual has lived among the Navajo People, whether the individual is presently living among them, whether the individual can be identified as a member of a Navajo clan, whether the individual can speak the Navajo language, and whether the individual is married to a Navajo citizen. *See* 1 N.N.C. § 752.  All of these additional requirements are indisputably non-racial.

Citizenship within the Navajo Nation is political status. Not all Indians can be Navajo citizens, nor can all Indian children be Navajo citizens. The Nation, as a political sovereign, has determined the requirements for its citizenship and only those individuals who satisfy said requirements may apply for citizenship. It is not up to the federal or state government to second guess the Nation's citizenship requirements, just as the Nation does not second guess the citizenship requirements of the United States or the State of Arizona.

Plaintiffs attempt to cast the sovereign decisions of the Nation in defining its citizenship as private biases. Doc. No. 232 at 13. The children of the Nation are not eligible for citizenship based on "genetic reasons alone" but because they are children of individuals who are citizens in a political and cultural group. They are the next generation of the Navajo Nation and its future leaders. The Nation extends to them the same protections and guarantees of citizenship that any sovereign nation would to the children of its citizens.

Plaintiffs claim in their Response that ICWA "put[s] vulnerable children at a great disadvantage solely because an ancestor—even a remote one—was an Indian." Doc. No. 232 at 16. This claim reveals Plaintiffs inherent biases and prejudicial belief that the children at issue in this case are not Indian, only their distant ancestor was. The problem here is Plaintiffs do not see these children as the future of their Indian tribes, as the next generation of their respective Indian tribe. If Plaintiffs did indeed see these children as legitimate citizens of an Indian tribe they would not make this statement. To deprive these children of the legitimacy of their membership in their respective tribe because someone who has no connection to them does not believe their claim to membership to be legitimate not only deprives the child of the protections that comes with their political status but to their family and their community.

Congress through its plenary power has the ability to pass laws on behalf of all Indians. Congress in ICWA does not purport to legislate for all individuals who are genetically Indian, only those who are eligible to maintain a political connection with their respective tribe through tribal membership. Not all children who have Navajo ancestry can be Navajo citizens, only those who are able to meet the requirements of Navajo citizenship. This is consistent with Congress's ability to regulate citizens of Indian Nations through the plenary power.

## V.   CONCLUSION

For the above reasons Plaintiffs have failed to state a claim for which relief can be granted. The ICWA's reliance on tribal membership is not an impermissible racial classification but rather a political classification that has been recognized by Congress and the Supreme Court. The citizenship requirements of the Navajo Nation are further evidence of the treatment of its citizenship as a political classification rather than a racial classification. Therefore this court should dismiss the Complaint in its entirety.

Respectfully submitted this 10th day of November, 2016.

By: _____
Katherine Belzowski, Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **REPLY TO PLAINTIFF'S RESPONSE TO THE NATION'S AMENDED MOTION TO DISMISS** was electronically transmitted to the Clerk's Office for filing using the CM/ECF System on this 11th day of November, 2016 and copy to the following:

Mark Brnovich, Attorney General
John S. Johnson, Division Chief Counsel
1275 West Washington Street
Phoenix, Arizona  85007
John.Johnson@azag.gov

Aditya Dnar
Courtney Van Cott
Scharf-Norton Center for Constitutional Litigation at
The Goldwater Institute
500 East Coronado Road
Phoenix, AZ  85004
litigation@golwaterinstitute.org

Michael W. Kirk
Brian W. Barnes
Harold S. Reeves
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

Steve Miskinis
U.S. Department of Justice
ENRD/Indian Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 200044-7611
steven.miskinis@usdoj.gov

By: _____
Dana Martin, Legal Secretary
Office of the Attorney General